# Bernar *versus* Dunlap.

1. To support an action for malicious prosecution both want of probable cause for the prosecution and malice in the prosecutor must be shown.

2. Want of probable cause does not establish legal malice to be declared by the court, but it is evidence of malice proper to submit to a jury.

3. In an action against the prosecutor, if the plaintiff proves he was discharged by the examining magistrate, the burden of proof that there was probable cause, as a general rule, is cast on the defendant. If, however, the plaintiff's own testimony shows the existence of probable cause, it lifts that burden from the defendant.

4. In an action for malicious prosecution by B. against D., the magistrate before whom the complaint had been made was called by B. and testified: " D. was at my office with C.; the latter said he had seen the stolen property in possession of B. My recollection is that C. said they were D.'s property. I then recommended the complaint to be made." This evidence was uncontradicted. *Held*, that there was sufficient evidence of probable cause to justify the court in ordering a nonsuit.

5. Undecided whether the advice of the magistrate should have the same protective power as the advice of counsel learned in the law.

May 6th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas of *Lancaster county :* Of May Term 1880, No. 107.

Trespass on the case, by Samuel B. Bernar against Stephen H. Dunlap, for malicious prosecution.

Bernar was arrested, on the complaint of Dunlap, for the larceny of a pair of gloves. Dunlap did not appear, and the case was dismissed by the alderman. At the trial of the present case, before Livingston, P. J., the plaintiff gave his own testimony, and called various witnesses to prove his good character. He also called the alderman, who testified: " Mr. Dunlap came to my office in presence of Mr. Curtis, and Mr. Curtis said he had seen Dunlap's

[Bernar *v.* Dunlap.]

gauntlets in possession of Mr. Bernar; my recollection is that Curtis said they were Dunlap's gauntlets; I then recommended the complaint to be made. Some three or four days after suit was brought, when the goods were not found, Dunlap came to have the complaint dismissed or discharged; plaintiff didn't wait for that suit at my office."

When the plaintiff rested, the defendant moved for a nonsuit, which the court granted.

The plaintiff subsequently obtained a rule to strike off the nonsuit, and assigned the following reasons therefor: 1. There was want of probable cause shown sufficient to send the case to the jury, since the plaintiff in the criminal prosecution "had been discharged by the examining magistrate," and the burden of showing affirmatively that there was probable cause rested upon the defendant. 2. There was want of probable cause shown sufficient to send the case to the jury, when the plaintiff proved good character, and that he lived in the same neighborhood where defendant resided, and frequently met defendant, and knew him by sight. 3. Want of probable cause having been shown sufficiently, it was unnecessary to prove malice, that being a question for the jury. 4. There was sufficient evidence produced to either put the defendant to his defence or send the case to the jury.

The court discharged the rule, Livingston, P. J., saying: "A full examination of the notes of the trial and the authorities cited, as well as other authorities bearing on the same point, satisfies us that the judgment of nonsuit was properly entered, and should not be stricken off."

The plaintiff took this writ, and alleged that the court erred in discharging the rule.

*Benjamin F. Davis*, for plaintiff in error.—It was held in Smith *v.* Ege, 2 P. F. Smith 419, that where the plaintiff below had been discharged by the examining magistrate, the burden of showing, affirmatively, that there was probable cause rested upon the defendant. It is said in 2 Greenl. Ev. 455: "The discharge of the plaintiff by the examining magistrate is prima facie evidence of the want of probable cause sufficient to throw upon the defendant the burden of proving the contrary." Substantially the same view was taken in Secor *v.* Babcock, 2 Johns. 203, and Stone *v.* Crocker, 24 Pick. 81. It is also laid down in Israel *v.* Brooks, 23 Ill. 575, that proof of good character is evidence of want of probable cause. As the plaintiff below in this case showed that the complaint for larceny against him was dismissed by the examining magistrate, and that he possessed a good character at the time complaint was made, this was sufficient evidence of want of probable cause to either put the defendant below on his defence or send the case to the jury.

[Bernar v. Dunlap.]

The advice of counsel to excuse the defendant in an action for malicious prosecution must come from a member of the bar: Walter v. Sample, 1 Casey 275. Defendant is not protected by the advice of the alderman.

*B. Frank Eshleman,* for defendant in error.—The court sustained the motion for nonsuit, because the plaintiff had shown that a theft had been committed. A complete absence of any malice against the defendant was apparent, in that the parties were strangers to each other. Dunlap had shown that probable cause, or a reasonable ground for belief of guilt existed in the mind of the prosecutor, because he had been reliably informed that the stolen goods were in the possession of the suspected party; and he had further shown that which must give the prosecutor complete absolution from all liability, viz., that after he had heard all the facts, and they were stated to the alderman, that official advised the bringing of the criminal proceedings.

To support an action for malicious prosecution, both malice and want of probable cause must be shown: Dietz v. Langfitt, 13 P. F. Smith 234; Le Maistre v. Hunter, Bright. 494; Lyon v. Fox, 2 Bro. R., App. 67.

A citizen will not be punished who acts fairly and honestly upon the advice of an alderman: Rosenstein v. Feigel, 6 Phila. R. 532; Thomas v. Painter, 32 Leg. Int. 90.

The judgment of the Supreme Court was entered, May 17th 1880,

PER CURIAM.—It is well settled that to support an action for malicious prosecution both want of probable cause for the prosecution, and malice in the prosecutor must be shown. Want of probable cause does not establish legal malice to be declared by the court; but it is evidence of malice proper to submit to the jury.

In an action against the prosecutor, if the plaintiff proves he was discharged by the examining magistrate, the burden of proof that there was probable cause, as a general rule, is cast on the defendant. If, however, the plaintiff's own testimony shows the existence of probable cause, it lifts that burden from the defendant. Such was the case here. The fact is unquestioned that the property of the defendant was stolen. The plaintiff proved by the magistrate, before whom the complaint was made, that the defendant was at his office with Mr. Curtis, that "Curtis said he had seen Dunlap's gauntlets in possession of Mr. Bernar; my recollection is that Curtis said they were Dunlap's gauntlets; I then recommended the complaint to be made." It is unnecessary now to decide whether the advice of the magistrate shall have the same protective power as the advice of counsel learned in the law. The other fact proved is sufficient protection. The express and distinct statement of Curtis, made to both prosecutor and magistrate, gave

[Bernar *v.* Dunlap.]

probable cause. Nothing is shown proving that the statement was not honestly made by Curtis, and in entire good faith believed by the defendant. So believing, the defendant made the complaint. This evidence was uncontradicted, and fully justified the learned judge in ordering a judgment of nonsuit.

Judgment affirmed.