## McClafferty *v.* Philp, Appellant.

*Malicious prosecution—Probable cause—Malice.*

In an action for malicious prosecution, a plaintiff in order to recover must show both want of probable cause and malice.   Malice may be inferred from want of cause, but mere want of probable cause will not establish legal malice to be declared by the court.   If there is probable cause it matters not that the prosecutor was actuated by malice.

*Discharge on technical grounds—Advice of counsel.*

Plaintiff after his arrest was discharged, in one instance, on the ground that the magistrate had no jurisdiction ; and, in the second instance, after indictment, the prosecutor, under advice of counsel, had the bill nonprossed for the same reason, no investigation having been made into the merits of the case.   *Held,* that these were not facts from which either want of probable cause or malice could be inferred.

Taking advice of counsel and acting thereon rebuts the inference of malice arising from want of probable cause.

*Probable cause—Use of the word " cautious " for " prudent."*

Probable cause is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party guilty of the offence.   It is error to substitute the word " cautious " for " prudent," as cautious may mean over-prudent or timorous.

Argued October 6, 1891.   Appeal, No. 34, October T., 1891, by defendant, J. P. Philp, from judgment of C. P. Venango Co., April T., 1888, No. 24, on verdict for plaintiff, Henry Mc-Clafferty.   Before PAXSON, C. J., STERRETT, WILLIAMS, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass for malicious prosecution.

The evidence on the trial before TAYLOR, P. J., was to the following effect:   Plaintiff had given to defendant in part payment of purchase money of a sawmill and other property bought of Philp & Perry, a check and a note, aggregating $500, representing that he had money in the bank to meet the check and that the note would be paid at Robert's bank, where he had money or would have money to meet it.   Neither note nor check was paid, the plaintiff alleged, because title to part of the property was not good.   Defendant consulted counsel, F. W. Hays of Oil City, and upon his advice instituted criminal prosecution for obtaining property on false pretences.   Plaintiff after being arrested was discharged by a justice of the peace of Crawford county on the ground that he had no jurisdiction, the check being given in Venango county.   A new prosecution was instituted in Venango county but was non-prossed, at request of counsel for prosecution, on the ground that the proper jurisdiction was Crawford county, that being the county in which the property acquired by the false representation was situated.   Thereupon the present action was brought.

Defendant asked his witness, Perry: " Q. Before giving possession, what, if any, notice had you received in reference to the payment of the $500 by any one." Objected to.

The Court: Objection sustained. I cannot see how that possession there is going to affect this case.

Defendant offered to show by Mr. Perry, that he (Philp) did notify him and that in pursuance of that notice, he (the witness) gave possession.   Offer overruled; exception. [8]

The court charged the jury in part as follows:

" In the issue now trying, there had been a prosecution instituted for a criminal offence before a magistrate in Crawford county, and the defendant was discharged by the magistrate on the ground of want of jurisdiction.   A prosecution for the same offence was then instituted by the same prosecutor before

a magistrate in this county; the defendant was arrested, gave bail for his appearance at the April Sessions, 1887; a true bill was found by the grand jury, when the cause was continued until the August Sessions, when, upon motion at the instance of the prosecutor, a nol pros was entered and the prosecution abandoned. Under such circumstances, we instruct you that the burden of proof showing probable cause is upon the defendant in this action." [3]

Plaintiff's points were as follows, among others :

" 4. If the jury believe that, on the 27th of May, the payment of the five hundred dollars named in the contract was extended five days and that, in default of the payment thereof, the contract should be void and the note of two hundred dollars surrendered; and that pursuant thereto the defendants entered into the possession of the property on the 2d of June, it was a settlement of the matter and a discharge of the plaintiff's obligation to pay the first payment of five hundred dollars or any part of it, and the retention after that by the defendant of the note and check is evidence of bad faith on his part. *Answer :* Affirmed, unless the jury further find that the defendant had other good and valid reasons for retaining the same." [6]

" 5. If the jury believe that the defendant kept the check after the settlement of May 27th with the object and intent of coercing the plaintiff to pay the money on other pretended claims and the criminal prosecutions were instituted for such purpose, they were malicious, and the check having been previously paid by the surrender of the property, pursuant to the agreement of May 27, 1886, said prosecutions were without probable cause and the plaintiff is entitled to recover." Affirmed. [7]

" 6. Advice of counsel does not rebut the presumption of malice arising from want of probable cause ; it is evidence merely for the consideration of the jury. To be of any avail to the defendant, the jury must be satisfied from all the evidence in the case that it was sought in good faith for an honest purpose ; but if counsel was sought by defendant as a mere pretext to shield from the consequence of an unfounded prosecution, it is no protection whatever." Affirmed. [1]

Defendant's points were as follows, among others :

"If the jury find and believe, from the evidence, that the defendant, from all the facts and circumstances, had reason to believe, and did believe, that the plaintiff, by false representations, did procure the possession from the defendant of a large amount of valuable personal property, exceeding in value $3,000, and the defendant, under this belief and in good faith made the information on which the bill of indictment was found, he is not liable in damages to the plaintiff for false imprisonment or malicious prosecution, and the verdict of the jury should be for the defendant. *Answer:* Affirmed, if the jury further find that the facts and circumstances referred to were sufficient to warrant a cautious man in believing that the party was guilty of the offence charged." [2]

5. "The law presumes all public prosecutions for crime to be instituted in good faith and with a probable cause, and in this action the burden of proof is on the plaintiff, McClafferty, to show both want of probable cause and malice on the part of defendant, Philp, in procuring the arrest of the plaintiff. *Answer:* Affirmed, as qualified by the charge." [5]

7. Recited in opinion of Supreme Court. Answered in the negative as qualified by the charge. [4]

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Errors assigned* were (1–7) instructions, quoting points, answers and charge, as above; (8) ruling on evidence, quoting bill of exception.

*Geo. S. Criswell*, with him *J. W. Lee, Ash & Speer*, for appellant.—Want of probable cause, while evidence of malice for jury, does not establish legal malice to be declared by the court: Bernar v. Dunlap, 94 Pa. 329. Advice of counsel rebuts presumption of malice: McCarthy v. DeArmit, 99 Pa. 70; Emerson v. Cochran, 111 Pa. 622. He who has reasonable cause, whatever his motive may be, stands acquitted of liability: Travis v. Smith, 1 Pa. 237. A party is not responsible for mistake of counsel or court in entering a nol-pros: Gilliford v. Windel, 108 Pa. 145. Up to time of nol-pros, the record was in favor of the prosecutor.

*J. H. Osmer*, for appellee.—Plaintiff having been twice discharged for the same cause, the burden of proof was upon de-

fendant to show probable cause: Bernar v. Dunlap, supra; Smith v. Ege, 52 Pa. 419. Malice may be inferred from want of probable cause: McCarthy v. DeArmit, 99 Pa. 63. Whether advice of counsel is a good defence depends upon whether it is sought in good faith; this is for the jury: Smith v. Walter, 125 Pa. 453. To use phrase cautious man for prudent man was no error. Judicious has been used in like case without objection: Walbridge v. Pruden, 102 Pa. 1; prudently, cautiously, in Le Maistre v. Hunter, Brightley 494; and in Smith v. Ege, supra.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

It was incumbent on the plaintiff to show not only that there was want of probable cause for the prosecution, but also that there was malice on the part of the prosecutor. Want of probable cause and malice must concur. While the former is evidence of malice, proper to be submitted to the jury, it does not establish legal malice to be declared by the court. Malice may be inferred from the want of probable cause, but if there be probable cause, it matters not that the prosecutor was actuated by malice. Probable cause is generally defined to be a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party is guilty of the offence. The word "cautious" has sometimes been inadvertently substituted for the word "prudent," as was done by the learned judge in qualifying his affirmance of defendant's first point recited in the second specification of error; but as was said in McCarthy v. DeArmit, 99 Pa. 70, the substance of all definitions is a reasonable ground for belief. . . . The belief must be that of a reasonable and prudent man, . . . . and all that can be required of him is that he shall act as a reasonable and prudent man would be likely to act under the circumstances." There is at least a shade of difference in meaning between the words "cautious" and "prudent." The former sometimes suggests the idea of timidity, or as Webster gives its secondary meaning "over prudent, fearful, timorous." " A man is cautious, chiefly as the result of timidity." We, therefore, think the word cautious should not have been employed in qualifying defendant's first point.

The 3d and 4th specifications may be considered together.

In defendant's seventh point, recited in the latter, the learned judge was requested to charge:

" If at the hearing before the magistrate in Crawford county, the plaintiff, McClafferty, was discharged without an investigation into the merits of the charge, but for the reason that the justice believed he had not jurisdiction, and if a nolle prosequi was entered by leave of court, in Venango county, with the consent of the prosecutor, after he had been advised by his counsel that without reference to the truth of the charge contained in the indictment, the prosecution was likely to fail by reason of want of jurisdiction in the court, then neither the discharge by the magistrate nor by the court is a fact from which either want of probable cause or malice can be inferred."

This point was fully warranted by the evidence and should have been affirmed. According to the undisputed evidence, Mr. Hays, a reputable member of the Venango county bar, had full knowledge of all the transactions out of which the prosecution grew, and it was under his advice that it was commenced and conducted until it was ended by the nolle prosequi. There was no evidence tending to show that his advice was not sought and acted on by the defendant in good faith. Nothing is better settled than that when the prosecutor submits the facts to his attorney, who advises they are sufficient, and he acts thereon in good faith, such advice is a defence to an action for malicious prosecution. Strictly speaking, taking advice of counsel and acting thereon rebuts the inference of malice arising from the want of probable cause: McCarthy v. DeArmit, supra; Emerson v. Cochran, 111 Pa. 622.

We think there was error in refusing to affirm the point above quoted; and for similar reasons there was error in charging as complained of in the 3d specification.

It follows from what has been said that plaintiff's sixth point, recited in the 1st specification, should not have been affirmed, at least, not without qualification.

The remaining specifications are not sustained.

Judgment reversed and a venire facias de novo awarded.