## Barhight v. Tammany, Appellant.

158　545
.40SC²592

*Malicious prosecution—Probable cause—Burden of proof.*

When one accused of crime has been discharged by the examining magistrate and brings an action for malicious prosecution against the prosecutor the burden of proving probable cause is on the defendant.

In an action for malicious prosecution for larceny, where the evidence is conflicting as to malice and want of probable cause, it is not improper for the court, after calling attention to the conflict in the evidence, to say that "this discrepancy in the evidence will present to the jury the duty of deciding, as matter of fact, who has told the truth here and who has failed in that respect, because, as they ascertain the facts to be in regard to this possession of the property by the present plaintiff, their verdict will probably be for the one or the other party now in litigation."

*Malicious prosecution—Advice of counsel.*

The legal advice which constitutes a defence to an action for malicious prosecution must rest on an honest and full presentation to counsel of all the facts within the knowledge of the prosecutor for which he has reasonable ground for believing he is able to prove. An incomplete and unfair statement to counsel warrants an inference that the advice was sought as a mere cover for the prosecution, and an opinion based on such statement is an insufficient reply to evidence of malice and want of probable cause.

Argued April 12, 1893. Appeal, No. 300, Jan. T., 1893, by defendant, Charles W. Tammany, from judgment of C. P. Luzerne Co., Dec. T., 1890, No. 406, on verdict for plaintiff, Lucinda C. Barhight. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and THOMPSON, JJ.

Trespass for malicious prosecution. Before WOODWARD, J.

At the trial it appeared that, on Dec. 30, 1889, defendant had plaintiff arrested on the charge of the larceny of a cupboard and twenty-five yards of carpet. It appeared that defendant was in the furniture business, and in July, 1888, delivered the property in question to plaintiff's daughter under an agreement in writing designated a lease. The lease contained the following clause : "Said lessee hereby further agrees to take good care of said property and not to remove the same from their present residence without the consent of the said lessors. Said renting may at any time be terminated by said Charles W. Tammany upon failure to pay said rent when due or for the violation by the said lessee of any of the covenants herein contained.

Upon such termination of rental the said lessee agrees to permit said Charles W. Tammany or his authorized agent to take possession of said property wherever found and for that purpose to enter said lessee's premises, using such force as may be necessary in so doing, the said lessee hereby waiving any trespass or action for damages either civil or criminal in consequence thereof. It is further agreed by the parties hereto that the said lessee may purchase the said property at any time during the continuance of this lease for the sum of eighteen dollars and fifty-five cents, in which case all sums paid for rent will be deducted from the said purchase price, but this privilege of purchase shall in no way interfere with the proprietary rights of the said lessor in the said property or the rights to control the same."

Plaintiff testified that, in June, 1889, she bought the articles in question from her daughter, and removed them to her own residence. She also stated that when she bought the articles, her daughter informed her that they had been paid for. Learning subsequently that this was not the case, she called upon defendant, who agreed that she might retain possession of the property, and pay the balance due upon it. This was denied by defendant.

Defendant testified that before instituting the prosecution he took the advice of his attorney, Thomas R. Martin. He said: " I went to Col. Martin, I stated the case to him just as the information I had was—that I understood this lady had my carpet and cupboard and denied having it, and that I had a lease for it with her daughter and she had gone out of the country, or gone away, and Col. Martin told me to have a warrant issued and have her arrested for larceny."

Mr. Martin testified: " He gave me to understand that the plaintiff in this case had fraudulently possessed herself of his property and she denied the possession of it, whereupon I told him to arrest her for larceny, there being an implication of felony." On cross-examination he testified: " Mr. Tammany, to the best of my recollection, informed me that he had leased this property to the daughter or some relative of plaintiff, and that the plaintiff knew, the plaintiff in this suit knew, that the property was leased to the daughter, and that the daughter had left and that she had stealthily gotten possession of it. Q. After the daughter had left? A. Yes, sir; and denied the possession

of the property. I told him if that was true there was an implication of a felony and he was justified in arresting her for larceny. Q. You knew the sort of lease that he was using? A. Yes, sir."

The court charged in part as follows:

" [Under the contract, from this undisputed evidence in the case, Mrs. Miller, the daughter of the present plaintiff, took possession of the property in question; and at this point of the case the testimony of the witnesses becomes different. Those of the plaintiff swear in one way, and the witnesses for the defendant in a diametrically opposite way, as to the circumstances under which the present plaintiff became the possessor of the property delivered in July, 1888, by Tammany to Mrs. Miller, and this discrepancy in the evidence will present to the jury the duty of deciding, as matter of fact, who has told the truth here and who has failed in that respect, because as they ascertain the facts to be in regard to this possession of the property by the present plaintiff, their verdict will probably be for the one or the other party now in litigation.] [3]

" [Whether or not the act thus committed by her in connection with her subsequent denials of having possession of the property would amount to larceny is not of the first consequence in the present case, because if this view of the case, as I say, is the correct one, this defendant, having gone to his counsel and stated his case (provided he stated it fairly and fully) and obtained from him a legal opinion that the offence thus committed by the present plaintiff was larceny, would have probable cause for supposing that to be the fact, and would be justified in making the complaint and procuring the warrant for the arrest. No matter whether the advice thus given by the counsel was accurate or not, if the defendant acted in good faith after obtaining the legal opinion of his lawyer upon a full presentation of the facts of the case to him, then he could not be without cause for belief that the offence of larceny had been committed by the present plaintiff, and that she might be arrested for it, and it would remove the suspicion of malice in that behalf. On the part of the plaintiff in rebuttal we have other testimony. We have the testimony of Mr. Martin, who states in a general way his impressions of the case received from his client, and it is argued to you by the learned counsel for the

plaintiff that the case was not fairly presented to the counsel by Tammany, and we say to you in this connection that if that be true, if Tammany perverted the facts of the case for his own purpose so as to obtain from his counsel an opinion which might protect him, then this doctrine which we have called to your attention has no application to the case, because that doctrine is founded on the theory of full information by the counsel—a fair presentation of the case by the client to the counsel.] " [4]

Defendant's points were among others as follows :

" 1. The prosecution of the plaintiff is presumed to have been properly instituted. *Answer :* For the reasons already stated in answer to points submitted by the plaintiff and by reason of the decision in 52 Pa. 421, Smith v. Ege, and 1 Pennypacker, 446, we decline to affirm that point." [1]

" 6. Under the law and the evidence the verdict should be for the defendant. *Answer :* That point we decline to affirm, and leave the whole matter to you under our general charge as rendered." [2]

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*G. L. Halsey,* for appellant.—It was incumbent upon plaintiff below to show that defendant prosecuted her without probable cause and with malice : Walter v. Sample, 25 Pa. 275 ; Dietz v. Langfitt, 63 Pa. 234 ; McCarthy v. DeArmit, 99 Pa. 72.

Probable cause does not depend on the actual state of the case in point of fact, but upon the honest belief of the party prosecuting : Smith v. Ege, 52 Pa. 419 ; McCarthy v. DeArmit, 99 Pa. 72.

There was no malice evidenced by the party prosecuting : McClafferty v. Philp, 151 Pa. 86 ; McCarthy v. DeArmit, 99 Pa. 72.

The question of what is probable cause, and whether it exists in the proof, if believed, is a question of law for the court ; whether the proof established it, is for the jury : Fisher v. Forrester, 33 Pa. 501 ; Dietz v. Langfitt, 63 Pa. 241 ; Sutton v. Anderson, 103 Pa. 151.

Whether the facts amount to probable cause is the very

question submitted to counsel in such cases; and when the client is instructed that they do, he has taken all the precaution demanded of a good citizen: Walter v. Sample, 25 Pa. 277.

*Q. A. Gates*, for appellee.—There never was any probable cause for the arrest of Mrs. Barhight, as by the terms of the contract between Tammany and his bailee, Mrs. Miller, she was not guilty of larceny in disposing of these goods: Krause v. Com., 93 Pa. 418.

The court was clearly right in holding that the case must go to the jury: Orr v. Seiler, 1 Penny. 445; Schmidt v. Weidman, 63 Pa. 173; Prough v. Entriken, 11 Pa. 81.

The advice of counsel was not given upon a true statement of facts to him. The advice was therefore no protection: Walter v. Sample, 25 Pa. 277.

OPINION BY MR. JUSTICE MCCOLLUM, December 30, 1893:

On the 30th of December, 1889, Charles W. Tammany, appellant, made an information before an alderman of the city of Wilkes-Barre, in which he charged Lucinda Barhight, appellee, with the larceny of certain property belonging to him, to wit: " one cupboard and about twenty-five yards of carpet of the value of about thirty dollars." A warrant was issued on which the appellee was arrested and brought before the magistrate the same day. As the appellant was not present the hearing was postponed and the appellee committed to the county prison, where she was detained three days, when she was again brought before the magistrate and, as appears by his record, was " discharged for want of sufficient evidence." The appellee then brought this action against the appellant for malicious prosecution, and recovered a judgment against him in the court below for one hundred dollars, from which he appealed. It is not necessary, in this opinion, to refer in detail to the evidence introduced by the appellee to sustain her averment that the prosecution against her was instituted by the appellant maliciously and without probable cause, or to make a like reference to the evidence submitted by him in answer to it. All the specifications of error are founded on the instructions to the jury, and if these were adapted to the evidence in the case and in accord with the well settled principles which govern actions

of this character, the judgment must be affirmed.    The instructions in relation to the burden of proof were in harmony with these principles and such as were demanded by the evidence. The proceedings before the magistrate cast upon the appellant the burden of showing probable cause for charging the appellee with the crime of larceny, and what was said in reference to this burden by the learned judge of the court below in his general charge and his answers to the points submitted to him were directly in line with the decisions of this court.    When one accused of crime has been discharged by the examining magistrate and brings an action for malicious prosecution against the prosecutor, the burden of proving probable cause is on the defendant: Smith v. Ege, 52 Pa. 419; Orr v. Seiler, 1 Pennypacker, 445; Bernar v. Dunlap, 94 Pa. 329.    There is no substantial ground for the complaint that the charge was inadequate.    The principles governing the action were clearly and correctly stated in it.    But the evidence submitted by the appellee showed that the prosecution was malicious and without probable cause, while the evidence submitted by the appellant showed the existence of probable cause, and the absence of malice on his part.    This conflicting testimony was for the consideration of the jury, and what the learned judge said in reference to it amounted to an instruction that if the facts were as claimed by the appellee the verdict should be in her favor, and if they were as claimed by the appellant it should be against her.    This instruction was quite as intelligible to the jury as if the learned judge had said that the testimony on the part of the appellant showed that there was probable cause for and no malice in the prosecution, or that the testimony on the part of the appellee showed that there was malice in it and a want of probable cause for it.

The instruction in relation to the advice of counsel was a lucid statement of the law upon the subject.    It was for the jury to determine from the evidence whether the appellant had in good faith laid before his professional adviser all the facts within his knowledge in respect to the alleged appropriation of his property by the appellee, and whether in prosecuting her for it he honestly followed advice founded upon information so communicated by him.    It was not for the court upon the evidence in this case to say that he had done so.    Advice so sought, re-

ceived, and acted upon, constitutes a defence to an action for malicious prosecution. It is available when the plaintiff has made a prima facie showing of a concurrence of malice and want of probable cause in the prosecution, but it is an affirmative defence, and it lies on the party who sets it up to establish it by his own or other testimony. Any evasion or concealment by the prosecutor in his statement of the case to his counsel, or any failure on his part to make a full disclosure of all the facts within his knowledge concerning it, will deprive him of the protection which advice founded upon an honest, fair and full presentation of the case affords. An incomplete and unfair statement warrants an inference that the advice was sought as "a mere cover for the prosecution," and an opinion based on such statement is an unsatisfactory reply to evidence of malice and want of probable cause. The legal advice which constitutes a defence to an action for malicious prosecution must rest on an honest and full presentation to counsel of all the facts within the knowledge of the prosecutor, or which he has reasonable ground for believing he is able to prove. In this case the appellant testified that the advice was obtained on his statement that the appellee had his property and denied having it. His counsel testified that the appellant gave him to understand that she had fraudulently taken it, and that his advice to prosecute for larceny was based on the theory that she had stealthily possessed herself of the property and denied possession of it. The undisputed evidence was that the appellee bought the property of her daughter and openly took possession of it. In view of this evidence, and the further fact that the conduct of the appellant was at least consistent with a purpose on his part to use criminal process against the appellee as a means of compelling payment of the alleged balance due from her daughter on the so-called lease, it was certainly pertinent for the jury to inquire whether the advice was obtained upon a truthful and fair statement of the facts as he understood them.

The specifications of error are overruled.

Judgment affirmed.