# H. C. Fry *v.* J. D. Wolf, Appellant.

*Malicious prosecution—Proof of malice and probable cause essential.*

Malice and want of probable cause must be proved in order to entitle a plaintiff to recover damages for a malicious prosecution. These are essential and must coexist.

*Evidence—Want of probable cause, when inferred—Burden of proof.*

The lawful discharge of the defendant in the prosecution by the examining magistrate, is prima facie evidence of want of probable cause, and the burden of proof that there was probable cause, as a general rule, is then cast upon the defendant in the action.

*Evidence—Test of probable cause—Reasonable belief.*

The question whether or not there was probable cause does not depend on the actual state of the case in point of fact. The test is the prosecutor's belief of its existence, based, however, upon reasonable grounds.

*Malicious prosecution—Theoretical malice—Inference of fact—Question for jury.*

Something more than theoretical malice is requisite to sustain an action for malicious prosecution; it must be proved as a fact, and while it may be inferred from want of probable cause its existence is for the jury.

*Malicious prosecution—Evidence—Rebuttal of inference of malice—Charge of court.*

When there is evidence which, if believed, would rebut the inference of

malice it is error to tell the jury that if there was not probable cause they must find for the plaintiff and that the defendant must show such conduct on the part of the accused as would warrant an ordinarily prudent man in believing that accused was guilty of the offense charged. The defendant may fail to show such conduct on the part of the plaintiff and he may show that he acted in good faith under advice of counsel.

Argued May 12, 1898. Appeal, No. 155, April T., 1898, by defendant, from judgment of C. P. Butler Co., March T., 1898, No. 11, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Trespass for malicious prosecution. Before RAYBURN, P. J., of the 33d judicial district, specially presiding.

It appears from the evidence that defendant made information before a justice of the peace charging plaintiff with the offense of larceny; a warrant·was issued, the defendant arrested and brought before the justice of the peace and on a hearing had was discharged. There was evidence on behalf of the defendant tending to show that he stated to his attorney at the time of the prosecution against Fry all the circumstances and facts connected with the charge on which he caused the plaintiff's arrest.

Verdict and judgment for plaintiff for $565.58. Defendant appealed.

*Errors assigned* were (1) affirmance of plaintiff's. second point, which point is as follows: "In an action for damages for malicious prosecution, evidence showing the discharge of the accused in the criminal action, by the committing magistrate, casts upon the prosecutor, defendant in the civil action, the burden of showing probable cause for commencing prosecution against the accused, plaintiff in this case, and unless he shows to the satisfaction of the jury there was probable cause for the arrest of the accused, the verdict should be for the plaintiff." (2) Affirming plaintiff's third point, which point is as follows: "The defendant herein, to sustain the defense of probable cause for the criminal prosecution instituted against the plaintiff in this case, must show such conduct on the part of the accused, as would warrant an ordinarily prudent man in

believing that H. C. Fry, the defendant in the criminal suit, was guilty of the offense with which he was charged, viz: The larceny of an oil well rig; and failing in this the verdict should be for the plaintiff." (3) In refusing the following offer of testimony on part of defendant: "Q. Mr. Wolf, had you lost anything else from this same property at any time prior to this information? A. Yes, sir. Q. What had you lost? A. You mean from where the wood rig was taken? There was some second-hand cables there— By Mr. McQuistion: We object to that. By Mr. Galbreath: We propose to prove by the witness on the stand that at about the same time that he discovered this rig was gone he discovered also that a second-hand cable, which he also owned, and which was left at the same place on this lease, was taken away, and that he discovered that also in the possession of Mr. Fry's employees, and we also offer to show by the same witness, that prior to this time he lost, among other things, from his boiler house on another lease in the same vicinity, a number of tools and parts of machinery, among others a set of elevators, and they were also found in the possession of Mr. Fry's employees. This for the purpose of showing probable cause for making an information in this case for this rig. By Mr. McQuistion: Objected to as incompetent and irrelevant, because they do not propose to show that the other property alleged to have been stolen was stolen by Mr. Fry, plaintiff in this case; but an attempt to show that employees of his had in their possession other property of the witness, and defendant in this case, and therefore it is incompetent, because Mr. Fry would not be bound by acts of his agent, if any were committed. And objected to further because the offer does not in any way attempt to connect Mr. Fry with the larceny of the articles mentioned in the offer. By the Court: We will sustain the objection and give an exception."

*J. M. Galbreath* of *McJunkin & Galbreath*, with him *J. W. Lee*, for appellant.—The court's answer to the second point of the plaintiff below is objectionable in that it states the rule too strongly as to the degree of proof required by the defendant in order to show probable cause of the suit instituted by him. Being a civil action the defendant was only required to show

by the weight of the evidence, that he had probable cause for the prosecution: 1 Greenleaf on Evidence, 18.  See also Heister v. Laird, 1 W. & S. 245; Ott v. Oyer, 106 Pa. 6.

The court's answer to the plaintiff's second point is objectionable in that it excludes from the jury's consideration the question of the defendant's want of malice, and is an explicit direction to find for the plaintiff unless the defendant has shown to their satisfaction the existence of probable cause. This contravenes the well-established principle that, in actions for damages for malicious prosecution, in order to a recovery the jury must find, not only that there was no probable cause for the prosecution, but also that the prosecutor was actuated by malice.  The existence of malice and the want of probable cause must concur: McClafferty v. Philp, 151 Pa. 86; Cooper v. Hart, 147. Pa. 597; McCarthy v. DeArmit, 99 Pa. 63.

Nothing is better settled than that when the prosecutor submits the facts to his attorney, who advises they are sufficient, and he acts thereon in good faith, such advice is a defense to an action for malicious prosecution: McClafferty v. Philp, 151 Pa. 86; Emerson v. Cochran, 111 Pa. 619.

Whether or not there was probable cause for the prosecution depended not on the actual state of the case, but upon defendant's honest and reasonable belief.: Smith v. Ege, 52 Pa. 419; Mitchell v. Logan, 172 Pa. 349.

The testimony, which the court refused, had a place in bringing defendant to a reasonable belief of plaintiff's guilt, and as such should have been admitted.

*Newton Black* with him *Lev. McQuistion,* for appellee.—There is ample authority for the court's affirmance of the second point: Ritter v. Ewing, 174 Pa. 341; Barhight v. Tammany, 158 Pa. 545; Miller v. Hammer, 141 Pa. 196.

Plaintiff's third point which was affirmed by the court below, is a fair statement of the requirements of law and is supported by Ritter v. Ewing, 174 Pa. 341, and McClafferty v. Philp, 151 Pa. 86.

OPINION BY RICE, P. J., October 24, 1898:

If there is anything well settled in the law, it is, that malice and want of probable cause must be proved in order to entitle

a plaintiff to recover damages for a malicious prosecution. "These are essential and must co-exist:" Auer v. Mauser, 6 Pa. Superior Ct. 618. The lawful discharge of the defendant in the prosecution, by the examining magistrate, is prima facie evidence of want of probable cause, and the burden of proof that there was probable cause, as a general rule, is then cast on the defendant in the action: Auer v. Mauser, supra; Bernar v. Dunlap, 94 Pa. 329; Barhight v. Tammany, 158 Pa. 545. He failed to show this to the satisfaction of the jury, and therefore this essential may be considered as established by the verdict. As the terms "probable cause" are defined in Smith v. Ege, 52 Pa. 419, and the cases there cited, it is difficult to see how any other conclusion could be drawn from the facts given in evidence by the defendant.

In this connection we might as well dispose of the third assignment of error.

It is true the question whether or not there was probable cause does not depend on the actual state of the case in point of fact. The test is the prosecutor's belief of its existence at the time. But this must be based upon reasonable grounds, and we agree with the court below that the mere fact that other articles, missed by the defendant at different times, were found in the possession of various enployees of the plaintiff's company would have no legitimate tendency to induce a reasonable belief in the mind of any prudent man—knowing what the defendant did of the plaintiff's rights and possession under his contract—that the latter was guilty of stealing this derrick, when he caused it to be removed in broad daylight and set up on an adjacent property. The court committed no error in rejecting this offer.

Was the prosecution malicious? Something more than mere legal or theoretical malice is requisite to sustain an action of this kind, for it must be proved as a fact, and, while it may be inferred from a want of probable cause, its existence, nevertheless, is for the jury: Schofield v. Ferrers, 47 Pa. 194; Bernar v. Dunlap, supra; McCarthy v. DeArmit, 99 Pa. 63; Emerson v. Cochran, 111 Pa. 619; Cooper v. Hart, 147 Pa. 594. "While the former"—want of probable cause—"is evidence of malice proper to be submitted to the jury, it does not establish legal malice to be declared by the court:" McClafferty v. Philp, 151

Pa. 86. This statement of the rule was reiterated in Ritter v. Ewing, 174 Pa. 341. Hence it is erroneous to instruct the jury that where the defendant in the prosecution was discharged by the magistrate the plaintiff is entitled to recover unless the defendant in the action prove to their satisfaction that there was probable cause for the arrest. This assumes, that if this be lacking, malice must necessarily be implied—a proposition not sustained by the authorities. It has been said that "the absence of probable cause being shown, malice will ordinarily be inferred unless there be extenuating circumstances, as that the prosecutor submitted the facts fully to counsel learned in the law and acted under his advice:" Mahaffey v. Byers, 151 Pa. 92. Let this be granted, nevertheless, it is an inference of fact to be drawn by the jury, and not a presumption of law, and there is nothing in the case last cited to indicate that the court intended to lay down a different rule.

Moreover, the defendant in the action gave evidence of precisely such extenuating circumstances as are referred to in that case. If in good faith the prosecutor seeks, obtains and honestly follows the advice of competent counsel on a full and fair statement of all the facts within his knowledge, or which he has reason to believe he is able to prove, and omits none which, with reasonable diligence, he could ascertain or discover, the advice so received will constitute a defense to the action: Beihoffer v. Loeffert, 159 Pa. 374; Barhight v. Tammany, supra; McClafferty v. Philp, supra. Such advice is sometimes called probable cause, but in strictness it rebuts the inference of malice arising from want of probable cause: McCarthy v. DeArmit, supra.

It is claimed that the defendant could not set up the advice of counsel as a defense, because (1) he did not inform him that Fry had told him that if his men had taken the rig he would pay for it; and (2) did not show him the written contract under which the plaintiff's company held possession of the property from which the rig was removed. This contract was in the form of a receipt for $2,800, in payment for two gas wells, and contained this clause: "The condition of this sale is, that when the gas is exhausted the wells are to be returned to me free from rentals due as they are delivered." The counsel who advised the prosecution and drew the information tes-

tified that while the written contract was not shown him he was informed by the defendant that he had sold the gas in a certain lease, and that the rig had been taken away. It is apparent from his testimony taken as a whole that he was informed of all the facts material to the question upon which his advice was asked which the paper itself would have disclosed. As to the other objection, it is sufficient to say, that he had knowledge of the substance of the conversation referred to from the plaintiff's own letters before the prosecution was begun. Without going further into detail, there was evidence, which, if believed by the jury, was sufficient to rebut any inference of malice, which, without it, might arise from the absence of probable cause. The learned judge correctly affirmed the defendant's point which was drawn substantially in the language of the decision in Beihoffer v. Loeffert, supra. But in affirming the plaintiff's third point he also told the jury that the defendant "must show such conduct on the part of the accused as would warrant an ordinarily prudent man in believing that H. C. Fry . . . . was guilty of the offense with which he was charged; . . . . ·and failing in this the verdict should be for the plaintiff." The defendant may have failed to show such conduct on the part of the plaintiff and he may also have acted under the advice of counsel. In such a case, which instruction was the jury to follow; find a verdict for the plaintiff or for the defendant? Perhaps the jury understood that the affirmance of this point was subject to the qualification implied in the affirmance of the defendant's point, and doubtless the learned judge intended them so to understand, but through inadvertance he omitted to say so. Again, in affirming this, as well as the second point, they were told, in effect, that if there was not probable cause they should find for the plaintiff. "This," to adopt the language of Mr. Justice Strong, "was leaving out of view the second essential to the maintenance of such an action, namely, whether the prosecution was instituted maliciously, a question always for the jury, and one which must be proved affirmatively to entitle the plaintiff to a verdict. It is true that want of probable cause is evidence of malice, but it is not malice itself. It is to be submitted to the jury for them to draw the proper inference:" Schofield v. Ferrers, supra. So that, even if the evidence as to the advice of coun-

sel were out of the case, or we were to assume that the defense founded thereon was not made out to the satisfaction of the jury, still, the question of the defendant's malice ought to have been submitted to the jury, and the points should have been negatived or at least qualified. For these reasons the first and second assignments of error are sustained.

The judgment is reversed, and a venire facias de novo awarded.