# Replogle *v.* Frothingham.

*Malicious prosecution—Probable cause—Province of court and jury.*

In an action for malicious prosecution, the question as to what circumstances constitute probable cause is for the court; whether they have been shown in a particular case is for the jury.

*Malicious prosecution—Advice of counsel.*

Advice of counsel will constitute a defense to an action for malicious prosecution only where it appears that the prosecutor in good faith sought, obtained and honestly followed the advice of competent counsel, on a full and fair statement of all the facts within his knowledge, or which he had

reason to believe he was able to prove, and omitted none which with reasonable diligence he could have ascertained and discovered.

A prosecutor is not protected by advice of counsel if it appears that he had the plaintiff rearrested after his discharge in habeas corpus proceedings earlier on the same day, and the fact of such discharge was not communicated to counsel.

Argued Jan. 18, 1901.   Appeal, No. 38, Jan. T., 1901, by defendant, from judgment of C. P. Lackawanna Co., May T., 1897, No. 204, on verdict for plaintiff in case of D. B. Replogle v. Arthur Frothingham.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass for malicious prosecution.   Before ALBRIGHT, P. J., specially presiding.

At the trial it appeared that on May 8, 1895, plaintiff was arrested at the instance of the defendant for embezzlement, and was discharged.   Plaintiff was again arrested on January 29, 1897, but instituted habeas corpus proceedings and was discharged.   In the afternoon of the day that he was discharged he was rearrested, but the grand jury ignored the bill against him.

Defendant claimed that he was relieved from liability from the fact that he took the advice of his counsel M. W. Lowry. It did not appear, however, that Mr. Lowry was informed of the plaintiff's discharge in the habeas corpus proceedings.   On this subject Mr. Lowry testified as follows :

" Q. Did he tell you anything about Judge Gunster discharging this man upon a hearing, upon the charge that was preferred against him before Alderman Millar?   A. I have no recollection of his having said that.   Q. Was there anything said about a habeas corpus, and the discharge of Replogle?   A. Not to my recollection.   Q. And if there had been, you would remember it, wouldn't you?   A. I think I would have remembered it."

Defendant's points among others were as follows :

1. Under all the evidence the verdict should be for the defendant.   *Answer :* Negatived.   Whether the verdict shall be for plaintiff or defendant is referred to the jury. [6]

3. If the jury believe from all the evidence that the defendant had probable cause for believing that the plaintiff was guilty of perpetrating a fraud on the defendant, then the verdict should be for the defendant.   *Answer :* Negatived.   The question is

whether there was probable cause for defendant to believe that plaintiff was guilty of the offense charged in the information, and that said offense was criminal and indictable. [7]

4. Probable cause is such a statement of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially and without prejudice, to believe that the person accused is guilty. *Answer :* Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in believing the party to be guilty of the offense. The point is negatived. [8]

8. If the jury believe from all the evidence that the defendant had probable cause for believing that the plaintiff was guilty of unlawfully retaining money belonging to him, and acting on that belief had the plaintiff arrested for embezzlement, although he was not guilty technically of that crime but merely of fraud, then this negatives malice and the verdict should be for the defendant. *Answer :* The question is whether there was probable cause for defendant to believe that plaintiff was guilty of the offense charged in the information, and that said offense was criminal and indictable. The question whether or not there was probable cause does not depend on the actual state of the case in point of fact; the test is the prosecutor's belief of its existence at the time, but this must be based on reasonable ground. [9]

12. To act upon the advice of counsel in bringing a criminal prosecution, where the prosecutor makes a fair and honest disclosure of the facts, relieves the prosecutor from all liability for damages in a subsequent action for malicious prosecution. *Answer :* If in good faith the prosecutor seeks, obtains and honestly follows the advice of competent counsel, on a full and fair statement of all the facts within his knowledge, or which he has reason to believe he is able to prove, and omits none which with reasonable diligence he could ascertain or discover, the advice received will constitute a defense to the action. The point as drawn is negatived. [11]

13. The verdict in this case must be for the defendant for the reason that, under the uncontradicted testimony in this case, it appears that the defendant sought the assistance of competent counsel before whom he laid all the facts concerning the

transaction for which he desired a criminal prosecution to be instituted, and was advised by his counsel to commence a criminal action against the plaintiff, for this rebuts the question of malice, and without malice the plaintiff's case falls. *Answer*: Negatived. The matter here referred to is to be determined by the jury, as stated in the general charge. [12]

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Errors assigned* among others were (6–9, 11, 12) above instructions, quoting them.

*R. H. Holgate*, for appellant.—In actions for malicious prosecution it is for the court to determine as a matter of law whether the proof of certain facts constitute probable cause: Travis v. Smith, 1 Pa. 234.

If the uncontradicted facts show probable cause, the court should direct a verdict for the defendant irrespective of malice, and it is error to leave this question to the jury: Leahey v. March, 155 Pa. 458; Mahaffey v. Byers, 151 Pa. 92; Deitz v. Langfitt, 63 Pa. 234; Beach v. Wheeler, 30 Pa. 72; Cross v. Tyrone Mining, etc., Co., 121 Pa. 387; McCormick v. Sisson, 7 Cowen, 715; Besson v. Southard, 10 N. Y. 236; Stewart v. Sonneborn, 98 U. S. 137; Fisher v. Forrester, 33 Pa. 501; Emerson v. Cochran, 111 Pa. 619; McCarthy v. DeArmit, 99 Pa. 63; Laughlin v. Clawson, 27 Pa. 328; Walter v. Sample, 25 Pa. 275; McClafferty v. Philp, 151 Pa. 87; Leahey v. March, 155 Pa. 458; Burnap v. Moore, Taney's Dec. (U. S.) 244; Blunt v. Little, 3 Mason (U. S.), 102; Ravenga v. Mackintosh, 2 B. & C. 693; Sommer v. Wilt, 4 S. & R. 19; Hull v. Smith, 7 Leg. Int. 7; Nachtman v. Hammer, 155 Pa. 200; Beihofer v. Loeffert, 159 Pa. 374.

*James H. Torrey* and *Joseph O'Brien*, for appellee, cited: Smith v. Walter, 125 Pa. 453.

Opinion by Beaver, J., February 14, 1901:

No question arises in this case as to the duty of the plaintiff. He admits the obligation which rests upon him to show that in the prosecution which the defendant instituted against him

there was an absence of a well grounded belief on his (defendant's) part that the plaintiff was guilty of the offense with which he was charged, which is called probable cause, and that defendant was actuated by malice. Plaintiff claimed, and the court below held, that there was such evidence of the absence of probable cause and of the presence of malice as to warrant the submission of these facts to the jury. There is no serious contention on the part of the defendant (appellant) that the court below erred in its definitions of the elements which must enter into and coexist in an action of trespass for malicious prosecution. It is true that in the eighth assignment of error the language of the answer of the court as to what constitutes probable cause is different from that embraced in the point for charge. Inasmuch, however, as the answer is in the exact language used in McClafferty v. Philp, 151 Pa. 86, and in Ruffner v. Hooks, 2 Pa. Superior Ct. 278, the court was clearly justified in following the language used rather than that of the point presented by the defendant.

The burden of the defendant's specifications of error and of the argument based upon them is that, inasmuch as the facts (according to his view) both as to probable cause and malice were undisputed, the court should not have submitted them to the jury. This claim, however, is an assumption which is not warranted by the testimony. " The question as to what circumstances constitute probable cause is for the court. Whether they have been shown in a particular case is for the jury to decide : " Auer v. Mauser, 6 Pa. Superior Ct. 618. The court below gave clear and full instructions to the jury as to what constituted probable cause, but left it for them to say whether or not there was such probable cause for the defendant's action in bringing the prosecution against the plaintiff.

Defendant made three several informations against the plaintiff and had him arrested three several times. Upon the first arrest he was discharged by the alderman and, although an action for malicious prosecution had been brought by the plaintiff against the defendant for this arrest, which had been, previously to the trial of this case, determined by a jury, the fact of the arrest was admitted for the purpose of throwing light upon the questions of probable cause and malice in the present case. A year or more after the first arrest, a second information and ar-

rest were made, in which, after a hearing upon a writ of habeas corpus, the plaintiff was discharged by the court. Upon the same day the defendant made a third information upon which the plaintiff was arrested and bound over for his appearance at the next term of the quarter sessions at which the bill was ignored.

Defendant attempted to justify these several informations and arrests on the ground that they were advised by his attorney, with whom he consulted in regard to them. The rule governing in such a case is well laid down in Fry v. Wolf, 8 Pa. Superior Ct. 468, as follows: "If, in good faith, the prosecutor seeks, obtains and honestly follows the advice of competent counsel, on a full and fair statement of all the facts within his knowledge or which he has reason to believe he is able to prove and omits none, which with reasonable diligence he could ascertain or discover, the advice so received will constitute a defense to the action: Beihofer v. Loeffert, 159 Pa. 374; Barhight v. Tammany, 158 Pa. 545; McClafferty v. Philp, 151 Pa. 86. Such advice is sometimes called probable cause, but in strictness it rebuts the inference of malice arising from want of probable cause: McCarthy v. DeArmit, 99 Pa. 63." Defendant also assumes that there was no contradiction of the fact that he brought himself within the provisions of this rule, but the fact was contradicted. Indeed the testimony of both the defendant and his attorney makes it doubtful whether the jury could have found that all the essentials of the rule had been complied with. A single illustration, based upon an important fact in the case, will suffice to show the failure in this regard. The plaintiff was discharged after a hearing, upon a habeas corpus, in the morning. An information was made the same day, upon which the plaintiff was rearrested. Did the defendant inform his counsel, who testified that he was not present, of the discharge of the plaintiff upon that hearing? That was an essential fact which must have been known and which, if not known by the defendant, could have been easily ascertained. It may well be doubted whether other facts of equal importance were so made known. It was for the jury to say whether or not they had been. Their verdict shows they evidently believed they were not. The testimony justifies such a finding.

The case throughout was carefully tried. The defendant

had his rights fully guarded in the presentation of his defense. The trial judge answered the important points for charge, in the main, in the exact language of our appellate courts. The questions of fact, and nothing but questions of fact, were left for the consideration and finding of the jury. Their disposition of them, under the entire testimony, which was by no means one-sided, cannot be disturbed.

The judgment is affirmed.