## Campbell v. Sidwell, Appellant.

*Malicious prosecution—Probable cause—Malice.*

In an action to recover damages for malicious prosecution a verdict and judgment for plaintiff will be sustained where the evidence shows that the defendant had caused the arrest of the plaintiff for larceny of money as bailee at a time when he knew that he could receive his money from the plaintiff, and that the indictment which followed the arrest was ignored not on account of any mistake of an officer, absence of witness or change of conditions, but solely because the prosecutor concluded that it was not to his financial interest to follow the case any further.

Argued Nov. 21, 1901. Appeal, No. 170, Oct. T., 1901, by defendant, from judgment of C. P. Chester Co., on verdict for plaintiff, in case of W. Smith Campbell v. Job Sidwell. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Trespass for malicious prosecution. Before Hemphill, P. J. The opinion of the Superior Court states the case.

Plaintiff presented these points :

1. In any aspect of the testimony there was no probable cause for the prosecution of the plaintiff, and no question to be submitted to the jury, as to whether probable cause did or did not exist. *Answer :* That point is affirmed. [1]

2. Under the evidence as testified to by the defendant and his witnesses, no probable cause has been shown to exist justifying the prosecution of the plaintiff. *Answer:* That also is affirmed. [2]

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

A. M. *Holding*, for appellant, cited: Cooper v. Hart & Co., 147 Pa. 597; McCarthy v. DeArmit, 99 Pa. 69; Fisher v. Forrester, 33 Pa. 501; Bernar v. Dunlap, 94 Pa. 329; Sutton v. Anderson, 103 Pa. 151; Eagar v. Dyott, 5 Carrington & Payne, 5; Wilmarth v. Mountford, 4 Wash. Cir. Ct. 84; Dietz v. Langfitt, 63 Pa. 238, 239; McClafferty v. Philp, 151 Pa. 86; Mahaffey v. Byers, 151 Pa. 92; Auer v. Mauser, 6 Pa. Superior Ct. 618.

Thomas W. *Pierce*, with him Samuel D. *Ramsey*, for appellee.

OPINION BY ORLADY, J., April 21, 1902:

The plaintiff, a justice of the peace, received a claim for one Linton for collection against the defendant, and after demand was made for payment, the defendant paid to the justice the sum of $18.00 from whom he received a receipt in the following form: " June 4th, 1900.    Received from Job. D. Sidwell, eighteen dollars in full settlement of all demands to date for sawing timber for Mrs. Lizzie H. Bunton's barn in Lancaster county ; sawing done by Moore, Linton & Co.    Signed, W. Smith Campbell, per R. C. Linton."    Subsequent to this Linton presented, through the same justice, an itemized bill of $22.73 against Sidwell, who was duly notified and urged to pay it.    A controversy arose over the ownership of the $18.00.    The justice offered to return this money to Sidwell if he would surrender the receipt in full which was held by him, but Sidwell refused and suit was then brought to recover the Linton claim in full.    Whereupon Sidwell made an information against Campbell, the justice, in which he charged him with larceny by bailee.    The transcript of this case was returned to the court of quarter sessions, and

upon presentation to the grand jury the indictment was ignored for the reason that the prosecutor, Sidwell, did not appear with his witnesses. This action of trespass to recover damages for malicious prosecution followed and the plaintiff recovered a verdict for $200.

On this appeal it is urged that the trial judge erred in instructing the jury that under the testimony of the defendant and his witnesses no probable cause had been shown to exist to justify the prosecution of the plaintiff. To sustain such an action it is necessary that two elements shall be established, without which the action fails. It must be shown that there was want of probable cause, and also that the defendant was actuated by malice: Cooper v. Hart & Co., 147 Pa. 594. The law is clearly laid down, in the latter case, and it was followed by the trial judge in his instruction to the jury. A fair analysis of the defendant's testimony can lead to but one conclusion, viz: that Sidwell knew before he caused the arrest of Campbell that he could receive his $18.00 from the justice. The money was paid to the justice to be held by him until an itemized bill of the Linton claim could be secured, and failing in this the money still belonged to Sidwell although in the hands of Campbell.

On August 14, Sidwell was again notified by letter to "Come up and get your $18.00." Instead of accepting the oral and written offers he asserted that the money in the hands of the justice did not belong to him but to Linton. Under such facts it is not possible to believe that he thought that the penal laws of the commonwealth had been violated or that a private wrong had been done to him. Ill feeling, supplemented by vicious advice from another justice, brought the parties into the quarter sessions, and from there the prosecutor voluntarily withdrew because "it would cost him so much before he got through that it would be unwise to push the prosecution, and for that reason he dropped it," which result was not due to the advice of counsel, as it did not depend upon any legal aspect of the case. Criminal process should not be invoked for the reason which induced Sidwell to set it in motion and his abandonment of it was determined by his commercial advantage rather than by the criminal liability of Campbell. The prosecution was instituted without any reasonable or probable cause of Campbell's guilt as declared by the court. It is not necessary to justify the questionable

186        CAMPBELL. *v.* SIDWELL, Appellant.

Opinion of the Court.        [20 Pa. Superior. Ct.

conduct of Campbell in his dealing with this claim which he had for collection; and that was doubtless considered by the jury in fixing the amount of the verdict. Our only duty under the record is to pass upon the evidence of Sidwell. The prosecution of Campbell was followed by the indictment which was ignored not on account of any mistake of an officer, absence of witness, or change of conditions, but solely because the prosecutor concluded that it was not to his financial interest to follow the case any further: Auer v. Mauser, 6 Pa. Superior Ct. 618; Fry v. Wolf, 8 Pa. Superior Ct. 468. Strictly speaking, taking advice of counsel and acting thereon, rebuts the inference of malice arising from want of probable cause (McCafferty v. Philp, 151 Pa. 86), but such advice is limited necessarily to that which counsel is specially fitted to give in relation to propositions of law, not merely as commercial advisers.

The assignments of error are overruled and the judgment is affirmed.