# Heide *v.* Baltimore & Ohio Railroad Company, Appellant.

*Malicious prosecution—Malice—Want of probable cause—Evidence—Case for jury.*

In an action to recover damages for malicious prosecution the case is for the jury where the evidence for the plaintiff although contradicted in its essentials by the evidence of the defendant, tends to show that the plaintiff was not guilty of the offense charged against him, that when he was brought before the magistrate by the constable who arrested him, no witnesses were called against him, and that he was discharged without a hearing.

Argued May 12, 1909. Appeal, No. 9, June T., 1909, by defendant, from judgment of C. P. Butler Co., June T., 1909, No. 9, on verdict for plaintiff in case of Jacob Heide v. The Baltimore

& Ohio Railroad Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for malicious prosecution.

The opinion of the Superior Court states the case.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $300.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*R. P. Scott*, for appellant, cited: Teal v. Fissel, 18 W. N. C. 71; Fry v. Wolfe, 43 W. N. C. 124.

*J. D. Marshall*, for appellee, cited: Coyle v. Shellenburg, 30 Pa. Superior Ct. 246; McClung v. Dearborne, 134 Pa. 396; Barhight v. Tammany, 158 Pa. 545; Fry v. Wolf, 8 Pa. Superior Ct. 468.

OPINION BY HENDERSON, J., October 11, 1909:

To sustain the plaintiff's action it was necessary that he show malice and want of probable cause.   This he proceeded to do by offering evidence tending to prove that he was not guilty of the offence charged in the complaint and that when he was brought before the magistrate by the constable who arrested him no witnesses were called against him and he was discharged without a hearing.   Evidence was also offered from which it might be inferred that the prosecutor and other employees of the defendant co-operating with him caused the arrest of the plaintiff to enable them to take possession of the premises claimed by him, in his absence, and remove the fence and trees at a place where construction work of the defendant was in progress.   As the case stood then, at the close of the plaintiff's evidence, there was a denial of the commission of the offence, proof of the discharge of the defendant without hearing by the magistrate and evidence of an unlawful motive

for the prosecution. This testimony took the case to the jury, for want of probable cause is evidence of malice and there was not only the defendant's denial of reasonable ground for believing him guilty, but the discharge by the examining magistrate, which is prima facie evidence of want of probable cause and as a general rule casts the burden of proof of probable cause on the defendant: Bernar v. Dunlap, 94 Pa. 329; Barhight v. Tammany, 158 Pa. 545; Fry v. Wolf, 8 Pa. Superior Ct. 468. The defendant introduced evidence tending to justify the arrest and to show that the discharge by the magistrate was the result of a negotiation between the prosecutor and the plaintiff, the latter agreeing to permit the workmen of the defendant to occupy the land claimed by him and try the question of trespass in a civil proceeding. There was a clear issue of fact presented, therefore, and whether the burden of proof as to probable cause was on the plaintiff or on the defendant there was evidence by the plaintiff on that subject to be submitted to the jury. As the only error alleged is that the court should have given binding instructions for the defendant the assignment must be overruled. It was for the jury to determine under the evidence whether the complaint was made in a well grounded belief of the guilt of the defendant and if the jury found there was not this probable cause they were at liberty to infer malice. As the verdict was for the plaintiff it is evident that the plaintiff established his case to the satisfaction of the jury both on the subject of malice and want of probable cause. The defendant's point was properly denied.

The judgment is therefore affirmed.