# Slattery *v.* Supreme Tent of the Knights of the Maccabees of the World, Appellant (No. 1).

*Appeals—Practice, C. P.—New trial—Discretion.*

The cases in which the appellate court will reverse for failure to grant a new trial are rare, and are only those in which there has been clear abuse of discretion by the court below.

The discretion of the court below in refusing to grant a new trial because of after-discovered evidence will not be reviewed by the appellate court, where it appears that the existence of the witness whose testimony is sought to be used, was known to the defendant before the trial, that if the course which was taken in locating the witness after the trial had been adopted previously to the trial he might have been found in time, that some of the facts to which he would testify were in effect only cumulative

of the testimony of two other witnesses examined at the trial, and that the other facts merely related to locality and were within the easy reach of the defendant by any witness who might have qualified himself by an examination of the locality.

Argued Oct. 29, 1901. Appeal, No. 211, Oct. T., 1900, by defendants, from judgment of C. P. McKean Co., Dec. T., 1898, No. 120, on verdict for plaintiff in case of Alice Slattery v. The Supreme Tent of the Knights of the Maccabees of the World. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon a policy of life insurance.

Verdict and judgment for plaintiff for $1,163. Defendants appealed.

*Error assigned* among others was refusal to grant a new trial.

*P. B. Stone*, with him *James George*, for appellant, cited: Dean v. Munhall, 11 Pa. Superior Ct. 73; Lance v. Bonnell, 105 Pa. 47; King v. Brooks, 72 Pa. 364; Fisher v. Hestonville, etc., Pass. Ry. Co., 185 Pa. 604; Ewing v. Tees, 1 Binn. 450; Zell v. Dunkle, 156 Pa. 359; Wilcox Silver Plate Co. v. Barclay, 48 Hun (N. Y.), 56; Keet v. Mason, 167 Mass. 154; 45 N. E. Repr. 81; Hilliard on New Trials (2d ed.), 504; Barker v. French, 18 Vt. 460.

*Eug. Mullin*, of *Mullin & Mullin*, for appellee, cited: McKenney v. Fawcett, 138 Pa. 344.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

The appellant asks us to reverse the judgment in this case by reason of error committed in refusing to grant a new trial because of after-discovered evidence. The action was upon a contract of beneficial insurance by the widow of the insured. The defense was that the insured committed suicide, thus vitiating the contract under its terms. He was seen wading out into the Ohio river in his ordinary clothing. When returning toward the shore he stooped or fell forward submerging his head. This was observed by three persons who joined in removing him from the water. Two of these persons were called

as witnesses on the trial. The third was not. In the reasons for the new trial it appears that the existence of this third person was known to the defendant and that before the trial a commission was taken out with the hope and expectation of procuring his testimony. At the trial of the cause he was not present nor was his deposition exhibited. After judgment entered on the verdict for the plaintiff, the defendant, as it appears by the affidavit accompanying the application for a new trial, learned of the place of residence of the third person who witnessed the alleged drowning. By this affidavit it appears also that the witness now secured would corroborate the testimony given by the witnesses who appeared at the trial in respect to the acts committed by the insured at the time of his alleged suicide, and would also give testimony as to the character of the bed of the river where the alleged drowning took place. Proof as to the latter fact was within easy reach of the defendant by any witness who might have qualified himself by an examination of the river bed. Of the other point of proof, it may be said first, that the existence of the witness was known to the defendant before the trial. Second, that the facts to which he would testify were in effect only cumulative of the testimony of the other two witnesses examined at the trial. Third, that if the course which was taken in locating the witness after the trial had been adopted previous to the trial, he might have been found in time.

The cases in which the appellate court will reverse for failure to grant a new trial are rare, and are only those in which there has been clear abuse of discretion by the court below: McNeile v. Cridland, 6 Pa. Superior Ct. 433. There is nothing here exhibited which impels us to a reversal.

The judgment is therefore affirmed.