# Mihalyik *v.* Klein, Appellant.

*Malicious prosecution—Fraud—Leaving the country.*

When a party secures civil or criminal process to interfere with the liberty or property of another maliciously and without reasonable and probable cause, he must answer in damages for his malice or mistake in his remedy.

Where pending an appeal by the defendant from a judgment of a justice of the peace, the plaintiff in the judgment secures the arrest of the defendant at a railroad station on an information charging that the defendant is indebted to the plaintiff, and is about to leave the country with his personal property, for the purpose of defrauding plaintiff, the arrest

is an unwarranted abuse of legal process, and a trespass pure and simple, for which the plaintiff is liable.

In such a case if there has been any actual loss whatever, the damages must be compensatory, and for false imprisonment such damages include, in addition to actual expenses incurred, compensation for loss of time, interruption of business, bodily or mental suffering, and humiliation and injury to feelings.

Argued April 15, 1902.    Appeal, No. 83, April T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. Term, 1900, No. 258, on verdict for plaintiff in case of George Mihalyik v. Jacob Klein.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Trespass for malicious prosecution.    Before EVANS, J.

At the trial it appeared that on May 16, 1900, Jacob Klein procured the arrest of the plaintiff on an information which was as follows :

That the above named defendant is indebted to this affiant in the sum of $248 and that the said defendant is about leaving the United States and taking with him his personal property over the value of $300, and this affiant believes that the said defendant is leaving with intent to defraud affiant out of his said claim.    All of which is contrary to the acts of assembly in such cases made and provided.

At the time the arrest was made plaintiff was at the railroad station in Pittsburg with his family about departing on a trip to Europe.    The plaintiff was removed to jail, but on the same day released on bail for his appearance on the following day.    At the hearing on the following day he was released by the alderman, J. J. Kirby.    When Kirby was on the stand he was asked this question :

" Q. State what you said at that time.    A. On the 18th I told him I was going to discharge the defendant, and he told me I had a right to hold him.    I said no.    I was going to do as my attorney told me.    He said, if I would have held him for court he would get his money.    I said : ' I don't care whether you get your money or not.' " [1]

The court charged the jury as follows :

[Now that information, if true, did not constitute a criminal

offense in this state. It might be a fraud, but it would not be a misdemeanor or a crime; consequently there was no offense, admitting all the facts contained in the information, there was no offense committed which justified the issuing of a warrant of arrest and the arrest was then necessarily with warrant and was illegal.] [2]

[The plaintiff is entitled to a verdict in this case, and it is for you to say how much.] [3]

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2, 3) above instructions, quoting them.

*J. M. Friedman,* for appellant, cited: Maloney v. Doane, 15 La. Rep. 278; Com. v. Snelling, 32 Mass. 321; Stockley v. Hornidge, 8 C. & P. 11; Johnstone v. Sutton, 1 T. R. 510; McCormick v. Conway, 12 La. Ann. 53.

*W. A. Magee,* for appellee, cited: Maher v. Ashmead, 30 Pa. 344; Baird v. Householder, 32 Pa. 168; Kramer v. Lott, 50 Pa. 495; Brown v. Chadsey, 39 Barbour, 253; Neall v. Hart, 115 Pa. 347.

OPINION BY ORLADY, J., February 11; 1903:

The defendant alleged that the plaintiff was indebted to him in about $200, to recover which he brought suit and secured a judgment from which an appeal was taken to the court of common pleas, and was pending at the time the plaintiff arranged to return to his native country in Europe. The plaintiff had purchased, from the defendant, steamship tickets for himself and his family, and was at the railroad station about to take a train when the defendant made a demand upon him for payment of the amount claimed to be due; upon his refusal the defendant went before an alderman and made information charging " that Mahalyik was indebted to him in the sum of $248, and was about leaving the United States, taking with him his personal property, and that Klein believed Mahalyik was leaving with intent to defraud him out of the claim." A warrant was secured for the arrest of Mahalyik by virtue of

which he was arrested and conveyed to jail, but, two days later, after a hearing before the alderman, was discharged out of custody. This is an action in trespass for the recovery of damages for false arrest and imprisonment. It is needless to say that all that was stated in the information fails to constitute a criminal offense in this state. The plaintiff may or may not have been indebted to the defendant. A suit was pending in the civil courts to determine that question, and with it we have nothing to do. The arrest was an unwarranted abuse of legal process and a trespass pure and simple, for which the plaintiff is liable ; and the court was fully justified in defining the measure of damages under authority of Duggan v. B. & O. R. R. Co., 159 Pa. 248, viz : " If there has been any actual loss whatever, the damages must be compensatory, and for false imprisonment . . . . such damages include, in addition to actual expenses incurred, compensation for loss of time, interruption of business, bodily or mental suffering, humiliation and injury to feelings." See also Butler v. Stockdale, 19 Pa. Superior Ct. 108. The gist of false imprisonment is unlawful detention, and the general rule is that malice will be inferred from the want of probable cause, so far at least as to sustain the action : McCarthy v. DeArmit, 99 Pa. 63. When a party secures civil or criminal process to interfere with the liberty or property of another maliciously and without reasonable or probable cause, he must answer in damages for his malice or mistake in his remedy : Mayer v. Walter, 64 Pa. 283 ; Herman v. Brookerhoff, 8 Watts, 240 ; Emerson v. Cochran, 111 Pa. 619 ; Grohmann v. Kirschman, 168 Pa. 189.

The evidence complained of in the first assignment of error was properly received as indicating the animus and purpose of Klein in securing the detention of Mahalyik and in remonstrating with the alderman for discharging him from custody : Burk v. Howley, 179 Pa. 539. The technical distinction between case and trespass is no longer important in view of our statute of 1887.

The assignments of error are overruled and the judgment is affirmed.