## Emerson *versus* Cochran.

1. In order to sustain an action on the case for the malicious use or abuse of civil process in restraining one of his personal liberty or interfering with his property, the plaintiff must not only allege in his *narr* but also prove on the trial that the defendant had not probable cause for his prosecution and was actuated by malicious motives. The want of probable cause, without malice, is not sufficient; so, where probable cause appears, the motive for the prosecution, however malicious, goes for nothing.

2. It is sufficient to rebut the inference of malice, arising from the want of probable cause, that an honest statement of the facts were submitted to an attorney at law who advised that they were sufficient to sustain an action, and that the action was brought on that advice.

3. The offer to compromise a civil suit is evidence neither of the want of probable cause nor of malice.

February 1st, 1886. Before ; MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Fayette county:* Of July Term 1885, No. 767.

This was an action on the case brought by Alfred Emerson against James W. Cochran and Lutellus Cochran for the malicious use or abuse of civil process whereby the defendant was arrested and imprisoned in the county jail.

The plea was not guilty. The facts sufficiently appear from the charge of the court and the opinion of the Supreme Court.

The defendant presented the following point: That if the defendants, at the time of procuring the writ of *capias* to be issued, and the plaintiff arrested, consulted their attorneys, made a fair statement of the facts to them, as they had reason to believe they existed, and that upon said statement the said attorneys advised the issuing of said writ, and the arrest of the plaintiff, the plaintiff cannot recover in this action. Answer, affirmed. (Second assignment of error.)

The plaintiff presented, *inter alia*, the following points:

1. If the defendants included the plaintiff in the *capias* in order to make him drive the strikers off his land, and not because they believed that he had encouraged the strikers and deterred the defendants' hands from working, the plaintiff is entitled to a verdict. Answer, refused. (Third assignment of error.)

2. Malice may be inferred from the want of probable cause, and both malice and want of probable cause may be inferred from the discontinuance of the *capias*. Answer, refused. (Fourth assignment of error.)

The court instructed the jury in the general charge as follows: This is an action on the case, brought by Alfred Emerson against James W, and Lutellus Cochran, to recover damages for false imprisonment. It appears from the evidence in the case, that sometime in the month of March, 1879, the plaintiff in this case was working at the mines of the defendants for the firm of Brown & Cochran, at their Jimtown works in this county, and that the workmen left the mines and refused to work about the 20th or 21st of March, and that after that, although quite a number of them went back to work, some of them did not return to the mines ; that the work ran on with those who did see fit to return, until sometime in the month of April following, probably, when a tent was moved on to the land of the plaintiff in this suit, Alfred Emerson, and some strange men came there with a band of music and were interfering with the men employed, or who had been employed about the works of the defendants in this suit, to such an extent that the work was almost, if not entirely stopped ; that the defendants in this suit, who were then the plaintiffs in the *capias* that was afterwards issued, after making an effort to have the tent removed and the parties compelled to leave the neighborhood, came to town and consulted counsel about the matter. It is claimed by the defendants in this suit, that they laid the matter fully and fairly before the counsel, stated the facts as they existed, and received such advice from their counsel as induced them to have a *capias* issued; that in view of that advice, application was made to an Associate Judge and the writ was issued, and the plaintiff in this suit, along with the others, was arrested ; and the plaintiff claims that he was arrested at his home, brought to this town and confined in the jail from Sunday until Monday, when he procured bail and was released ; and that afterwards, the *capias* proceeding was discontinued ; and he, feeling aggrieved by that action on the part of the defendants, brought this action on the case to recover damages for what he claims to have been false imprisonment. [We have been requested on the part of the defendants in this suit, James W. and Lutellus Cochran, to instruct you, " That if the defendants at the time of procuring the writ of *capias* to be issued and the plaintiff arrested, consulted their attorneys, made a fair statement of the facts to them as they had reason to believe they existed, and that upon said statement the said attorneys advised the issuing of said writ and the arrest of plaintiff, the plaintiff cannot recover in this action." Under our understanding of the law as it exists, we will affirm that point. If the jury should be satisfied that the defendants, James W. and Lutellus Cochran, did consult their counsel, and there is nobody disputes it, both Mr. Ewing

[Emerson v. Cochran.]

and M. M. Cochran, the attorneys, testified that they were consulted, and that being an undisputed fact in the case, that point will be affirmed, and your verdict should be for the defendants under the view of the law that we take, and with your permission, the prothonotary will take your verdict for the defendants.] (Eighth assignment of error.)

Verdict for the defendant and judgment thereon. The plaintiff took this writ assigning for error the answer of the court to the defendants' points, the answer of the court to the plaintiff's points, and that portion of the charge included within brackets.

*E. Campbell* and *R. P. Kennedy*, for plaintiff in error.—For injuries arising from regular process of a court of competent jurisdiction, case is the proper form of action, and trespass does not lie as for a malicious arrest or for a malicious prosecution: Farmers Bank *v.* McKinney, 7 Watts, 214.

Where a party issues civil process and interferes with the liberty or property of another maliciously and without reasonable or probable cause, as in this case, he is liable to an action for damages: Mayer *v.* Walter, 64 Pa. St., 283; Herman *v.* Brookerhoff, 8 Watts, 240; McCarthy *v.* DeArmit, 99 Pa. St., 63.

*Mestrezat* (*M. M. Cochran* and *Boyle* with him), for defendants in error.—It is sufficient if the defendants before issuing the writ for his arrest had reasonable grounds for the belief of his guilt: Fisher *v.* Forrester, 33 Pa. St. R., 501; Dietz *v.* Langfitt, 63 Id., 234; McCarthy *v.* DeArmit, 99 Id., 63.

To sustain this action the plaintiff must show both malice and want of probable cause. If he fail in either, he has no case, and the court was right in directing a verdict for defendants. The authorities are numerous, and without an exception sustain this position: Kirkpatrick *v.* Kirkpatrick, 39 Pa. St. R., 292.

" The question of what is probable cause, and whether it exists in the proof, if believed, is a question of law for the court; the proof of establishing it is for the jury: Fisher *v.* Forrester, 9 Casey, 501."

" Here the court gave no instructions to the jury whether there was probable cause or not, but left that question, as well as the question of the proof of the fact, to the jury, without the assistance which the law imposes upon the court; and thus the whole case was thrown upon the jury." See also Bernar *v.* Dunlap, 94 Pa. St. Rep., 329; Sutton *v.* Anderson, 103 Pa. St. Rep., 151.

Mr. Justice GORDON delivered the opinion of the court, February 15th, 1886 :

It is undoubtedly true that in Pennsylvania, as elsewhere, the action of case will lie for the malicious use, or abuse, of civil process; this, however, must be taken with the qualification that such process has been used to restrain the defendant's personal liberty or to interfere with his property : Muldoon *v.* Rickey, 103 P. S. R., 110 ; Kramer *v.* Stock, 10 Watts, 115 ; Mayer *v.* Walter, 14 P. F. S., 283. The suit in hand is founded on the alleged malicious use of the writ of *capias*, by which the person of the plaintiff was seized and imprisoned. In order to sustain this action the plaintiff must not only allege in his *narr*, but also prove on the trial, that the defendant had not probable cause for his prosecution, and was actuated by malicious motives. The want of probable cause without malice is not sufficient; so where probable cause appears, the motive for the prosecution, however malicious, goes for nothing : Kramer *v.* Stock, *supra;* McCarthy *v.* De Armit, 99 P. S. R., 63, and, as was said by Mr. Justice TRUNKEY, in the case last cited, something more than mere legal or theoretical malice is requisite to sustain an action of this kind, for it must be proved as a fact, and whilst it may be inferred from a want of probable cause, its existence nevertheless is for the jury. From this it follows that a jury ought not to be permitted to infer malice from the mere want of probable cause, when by other circumstances it is disproved. The discontinuance of the *capias* was undoubtedly *prima facie* proof of the want of probable cause for the institution of the suit, but only *prima facie*, and required but slight evidence for its rebuttal. In this case, as in others of the same kind, proof of a discontinuance is chiefly important as showing the determination of the previous action, without which, it would seem, a suit like that in hand could not be maintained : Mayer *v.* Walter, *supra.* But, as we have seen, where malice is disproved, the want of probable cause is of no consequence, and in this is found the chief defect in the plaintiff's case. The discontinuance and other evidence of a *prima facie* character going to establish malice in the original prosecution was, if there is any force in authority, completely rebutted by the fact, which no one pretended to gainsay, that the defendants in good faith acted upon the advice of counsel. We have said, and that very recently, in the case last above cited (per Mr. Justice TRUNKEY) : " When the prosecutor submits the facts to an attorney at law, who advises they are sufficient, and he acts thereon in good faith, such advice is often called probable cause, and is a defence to an action of malicious prosecution; but in strict

[Emerson v. Cochran.]

ness the taking the advice of counsel and acting thereon. rebuts the inference of malice arising from the want of probable cause." If what is here said be law, and that it is so is too well settled for doubt or discussion, then was judgment properly entered for the defendants. Both Mr. Cochran and Mr. Ewing, reputable attorneys at law, detail the statements made to them by James Cochran, immediately before the issuing of the writ, concerning the behavior of the rioters, and his reason for thinking they were aided and abetted by the plaintiff, and allege that without any suggestion on part of the defendants, they advised the issuing of a *capias.* This, unless rebutted by showing that they submitted a false statement by their counsel, was sufficient to rebut the presumption of malice. But the evidence of the plaintiff, so far from showing that the statement thus made was false, in all material particulars sustained it. Moreover, if we consult the testimony produced by the defence, the Cochrans had not only probable, but actual cause for their suit. That the strikers occupied Emerson's ground with his assent, if not by his invitation, can scarcely be doubted, and beyond this there was good reason to believe that he was actively engaged in the strike. It is true, the defendants did propose that if the plaintiff would interfere to assist in the expulsion of the rioters from his land they would discontinue the suit as to him. But what of that? Of course, it was of great consequence to them that these strikers should not have a secure lodging place within a few rods of their mines, hence, however perfect their cause of action against Emerson, they would make a good bargain if by a discontinuance they could relieve themselves of so great a nuisance. Nor have I ever heard that an offer of compromise, in a civil suit, was evidence either of the want of probable cause or malice. It will thus appear that the plaintiff's first point was properly refused for want of evidence to support it. In like manner, was the third well refused, because the presumption of malice was conclusively disproved. As these points embrace the material assignments of error we think it unnecessary to discuss the others.

                    The judgment is affirmed.