# Lipowicz, Appellant, *v.* Jervis.

209   315
28 SC 134

*Malicious prosecution—Probable cause—Advice of counsel—Referee.*

In an action for malicious prosecution a judgment for the defendant will be sustained where the referee to whom the case has been submitted has found from sufficient evidence that there was probable cause for the prosecution, that the defendant had been convicted, although his fine was subsequently remitted, and that plaintiff had acted under the advice of his counsel who had full knowledge of the facts of the case.

To sustain an action for malicious prosecution, the plaintiff must allege in his statement and show on the trial of the cause both malice and want of probable cause. If probable cause is shown to exist, it is immaterial that the prosecutor was actuated by malice in bringing the prosecution. His motive will not be inquired into if he had probable cause to believe that the accused party was guilty of the offense.

The taking of advice of counsel and acting thereon rebuts the inference of malice arising from the want of probable cause.

MITCHELL, C. J., dissents.

Argued May 2, 1904. Appeal, No. 124, Jan. T., 1903, by plaintiff, from order of C. P. Lackawanna Co., May T., 1901, No. 338, overruling exceptions to report of referee in case of Peter Lipowicz v. William Jervis. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to report of J. W. Carpenter, Esq., referee.

The referee's findings of fact and conclusions of law were as follows :

## FINDINGS OF FACT.

1. Peter Lipowicz, the plaintiff, by an agreement in writing dated September 6, 1899, leased from the defendant, William Jervis, a building at No. 1837 North Main avenue, in the city of Scranton, and occupied it as a hotel.

2. The records of the court of quarter sessions show that on February 9, 1901, Peter Lipowicz filed, in the office of the clerk of the court, an application for a license to keep a hotel in this building, and on March 9, 1901, the license was granted by the court, and issued March 23.

3. Some time in March, 1901, Lipowicz and Jervis had a conversation in which the former notified the latter that he would vacate the premises in question on April 1, 1901, and thereupon Mr. Jervis agreed to lease the place to one Charles

Miller, who advanced to Jervis the sum of $800, to be used toward paying for the license, and Jervis then paid the fee of $1,100, and procured the certificate showing that a license had been granted to Peter Lipowicz.

4. On April 1, 1901, Mrs. Jervis, the wife of William Jervis, went to the hotel in question and exhibited the license certificate to Lipowicz, who had not at that time opened the bar, but upon being shown the certificate, which was retained by Mrs. Jervis, he immediately caused the bar to be opened and the selling of liquor to begin, without having any license in his place of sale, as required by law; and without having it in his possession.

5. On April 2, 1901, William Jervis, acting upon the advice of his counsel, H. L. Taylor, a reputable attorney who had full knowledge of all the facts of the case, went before W. S. Miller, an alderman of the city of Scranton, and swore to an information charging Peter Lipowicz with selling and causing to be sold quantities of liquor, beer, etc., on April 1, 1901, contrary to an ordinance of the city of Scranton, of July 30, 1900.

6. The alderman thereupon issued a warrant for the arrest of Peter Lipowicz, and he was arrested and taken before the alderman, who, after hearing several witnesses, found him guilty, and imposed a fine of $100 and the costs upon him, and made out a commitment to commit the defendant therein to the county jail for thirty days, in default of payment of a fine of $100 and costs.

7. The commitment was given to a constable, but Lipowicz was not removed from the alderman's office; negotiations for settlement were begun, which resulted in the payment by Lipowicz to H. L. Taylor, Esq., attorney for Jervis, of the sum of $550, and the giving of his judgment note for $550, making $1,100, the amount which Jervis had paid for the license, and the payment of the costs by Lipowicz, and the alderman thereupon remitted the fine and he was discharged.

8. Lipowicz continued to occupy the premises in question as a hotel, until April 1, 1902.

### CONCLUSIONS OF LAW.

1. There was probable cause for the prosecution which was instituted by the defendant in this cause against the plaintiff.

2. The plaintiff has shown no cause of action against the defendant.

3. The defendant is entitled to have judgment entered in his favor.

In order for plaintiff to recover in a case of this kind, it must appear that the prosecution complained of was malicious and without probable cause.   Both elements must exist.

*Error assigned* was in overruling exceptions to referee's report.

*A. A. Vosburg* and *Charles W. Dawson*, for appellant.

No appearance entered nor paper-book filed for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1904:

The defendant made an information before an alderman, charging the plaintiff, Lipowicz, with having sold liquors contrary to an ordinance of the city of Scranton.   Lipowicz was arrested and taken before the alderman who, after a hearing, found him guilty of the crime with which he was charged. Subsequently, this suit for malicious prosecution was brought in which the plaintiff avers, as his cause of action, that Jervis, the defendant, appeared before an alderman of the city of Scranton and " did falsely and maliciously and without probable cause, charge the plaintiff with having sold, or caused to be sold, quantities of liquor, beer, etc., contrary to the city ordinance, approved July 30, 1900," and that by virtue of a warrant issued upon such charge and information, the plaintiff was arrested, convicted of the offense, and imprisoned, and thereafter discharged by the alderman.   The case was referred to a referee, under the act of assembly, who found the facts and conclusions of law and directed a judgment to be entered in favor of the defendant and against the plaintiff.   The learned court below overruled the exceptions to the referee's report, and confirmed the judgment which he had directed to be entered.

To sustain an action for malicious prosecution, the plaintiff must allege in his statement and show on the trial of the cause both malice and want of probable cause : Emerson v. Cochran, 111 Pa. 619.   And if probable cause is shown to exist, it is immaterial that the prosecutor was actuated by malice in bringing

the prosecution: McClafferty v. Philp, 151 Pa. 86.   His motive will not be inquired into if he had probable cause to believe that the accused party was guilty of the offense: Beihofer v. Loeffert, 159 Pa. 365.

Here the referee found on sufficient testimony that the defendant had probable cause for instituting the prosecution against the plaintiff for a violation of the city ordinance.   He also found, as we have stated, that Lipowicz was tried and found guilty of the charge preferred against him by Jervis.   The finding, therefore, established not only the existence of probable cause for the prosecution but the fact that the plaintiff was guilty of the crime with which he was charged.   Under these facts, there could be no recovery in this action.

The referee also found that prior to bringing the prosecution, Jervis stated all the facts of the case out of which the prosecution arose, to H. L. Taylor, Esq., a reputable member of the bar, and upon his advice instituted the proceeding.   Such advice given upon a full statement of all the facts and acted upon in good faith rebuts the presumption of malice arising from a want of probable cause in bringing a prosecution and is therefore a defense to an action for malicious prosecution.   " Nothing is better settled," says STERRETT, J., in McClafferty v. Philp, supra, " than that when the prosecutor submits the facts to his attorney, who advises they are sufficient, and he acts thereon in good faith, such advice is a defense to an action for malicious prosecution.   Strictly speaking, taking advice of counsel and acting thereon, rebuts the inference of malice arising from the want of probable cause."   In Beihofer v. Loeffert, supra, McCOLLUM, J., delivering the opinion, says: " If in good faith he (prosecutor) sought, obtained and honestly followed the advice of competent counsel on a full and fair statement of all the facts within his knowledge, or which he had reasonable cause to believe he was able to prove, the advice so received and acted upon will constitute a defense to the action.   It is wholly unimportant, so far as the defense is concerned, whether the advice was warranted by the facts submitted to the counsel, as the prosecutor, in this particular, is only responsible for a full and truthful statement of them."

The judgment of the court below entered upon the finding of the referee is affirmed.

MR. CHIEF JUSTICE MITCHELL dissenting :

The learned referee has found that the defendant had probable cause for the prosecution of plaintiff but he has also found facts which show beyond question that while the plaintiff was technically guilty of violation of the ordinance, yet it was only a technical guilt caused by the action of the prosecutor himself (or his wife with his knowledge and assent) in pocketing the license and thereby preventing the plaintiff from displaying it. The probable cause therefore behind which the defendant now seeks to shelter himself was not an honest probable cause used in good faith, but part of a fraudulent scheme to force payment of the cost of the license. The circumstances leading up to and including the settlement show that the defendant's action was an abuse of criminal process to collect a civil debt, a fraud which vitiated every part of his action. I would reverse this judgment and send the case to a jury.