## Zeger v. Harrison

*Lawrence C. Zeger*, p. p.

*Daniel W. Long, Blake Martin* and *Wingerd & Long*, for defendants.

DEPUY, P. J., August 18, 1960.—Plaintiff's complaint was filed on May 5, 1960, and on May 16, 1960,

each of the defendants filed preliminary objections under the threefold headings of demurrer, motion to strike and motion for more specific pleading.

To these two sets of preliminary objections, plaintiff filed his preliminary objections to preliminary objections. The case was argued and briefs filed on July 15, 1960.

Defense counsel argue that malicious prosecution actions are not favored by the law, that this type of action is carefully guarded by the courts and is hedged with restrictions which make it difficult to maintain: Miller v. Pennsylvania Railroad Company, 371 Pa. 308.

The gist of plaintiff's preliminary objections to defendants' preliminary objections appears to be that the demurrer is a "speaking" one in that it sets forth facts not appearing in the complaint and, hence, improper to include in a demurrer; that in certain respects some of the material included under one of the three classifications in defendants' objections ought to be included under the other; that some of the objections are not properly taken because they would improperly require defendant to plead evidence in his complaint.

Plaintiff's eleventh objection opposes the inclusion of the three kinds of objections in a single pleading. However, it is clearly established now that the purpose of the Pennsylvania Rules of Civil Procedure is to require all objections of every character to be raised at one time as a measure for preventing delay: Goodrich-Amram, Civil Practice §1028(b)-2.

Plaintiff's twelfth objection is directed at lack of verification by any party of the text of defendants' preliminary objections: Pa. R. C. P. 1024 is relied upon. As we see it, there are no averments of fact in defendants' preliminary objections which would require verification: Goodrich-Amram, Civil Practice,

§1024 (*a*)-1. It seems to us all the facts alluded to are of record in the pleading or by reference. The court is asked to take judicial notice of the fact that one defendant, Jay L. Benedict, Jr., was acting in the capacity of district attorney. If the court accedes, this will not be the result of any averment of fact by defendant. If the court declines to do so, defendant is not harmed.

The objections filed by defendant, Robert E. Harrison, follow in general the tenor of those filed on behalf of Jay L. Benedict, Jr., though diverging in certain respects. In addition to alluding to the fact that Jay L. Benedict, Jr., is district attorney, Harrison asserts that Benedict is an attorney at law, practicing at this court, that defendant Harrison acted upon his advice as district attorney and as attorney at law, and, therefore, no cause of action arising from the prosecution could be maintained against Harrison.

Plaintiff contends that defendants have filed a "speaking" demurrer which ought to be stricken off. Pa. R. C. P. 1028(*a*) sets forth: "Preliminary objections shall state specifically the grounds relied upon." The decisions under Pa. R. C. P. 1028(*a*) indicate that the ancient prohibition of the speaking demurrer has been radically modified. In 2 Anderson, Pa. Civ. Pract., page 220, Anderson says that the mere statement that the facts alleged in a complaint do not set forth a cause of action is not a sufficient statement of demurrer in a preliminary objection, citing Wolfson v. Gicas, 88 D. C. 145; Apfelbaum v. Weiss' Apparel, Inc., 54 Schuyl. 105; Robinson v. Burrell, 32 Westmoreland 249. See 2 Anderson, Pa. Civ. Pract. page 324, note 33; Berish v. City of Bethlehem, 31 Northamp. 372. Although defendants' demurrers may be prolix, we do not think the present law requires us to strike them off. We will consider the matters argued under plaintiff's objections in connection with consideration of defendants' objections.

We approach first the demurrer to the complaint entered by both defendants. Paragraph no. 4 of the complaint says:

"That the defendant, Robert E. Harrison, acting without authority of and at the express direction and request of Jay L. Benedict, Jr., the other defendant, did on or about March 9, 1960 swear to an affidavit charging the plaintiff, Lawrence C. Zeger, with having fraudulently converted $225.00 alleged to be the property of Robert E. Harrison, one of the defendants herein."

In the complaint, at paragraphs 9, 10, 11, 12, 13 and 14, plaintiff avers the taking of evidence at the preliminary hearing before the justice of the peace on the charge of fraudulent conversion, the release of plaintiff on bail, the filing of the transcript of the justice in the court of quarter sessions, the filing by plaintiff herein of a motion to quash the said proceedings, the order of the court requiring defendant, Jay L. Benedict, Jr., to show cause why the warrant should not be quashed, the fixing of a time for argument upon the motion to quash, the extension of time granted to Jay L. Benedict, Jr., for filing an answer, the request by Jay L. Benedict, Jr., to the court to allow dismissal of the proceedings, the application of defendant, Jay L. Benedict, Jr., to the court for a nolle prosequi and its allowance. In paragraphs 10, 11 and 14, plaintiff incorporates in his complaint the record of proceedings in the quarter sessions court to no. 53, May sessions 1960, relative to the several averments.

Further, defendants could well and properly have deferred until filing their answer on the merits, their allegations as to the capacity in which Jay L. Benedict, Jr., was acting, in advising Robert E. Harrison with respect to the matters in suit, whether as district attorney or as attorney at law. But we do not consider it indispensable that the court prolong the litigation

until an answer is filed, if the court is able to perceive at the pleading stage that the complaint does not in all respects state a cause of action.

We are persuaded that the court must take judicial notice of the fact that Jay L. Benedict, Jr., has been district attorney of this county during the present year beginning January 2, 1960, and also that he is, and has been, a member of the bar of this court. In addition, the fact of his occupying the office of district attorney is clearly evident from the documents in no. 53, May sessions 1960, of the court of quarter sessions which were incorporated by reference in plaintiff's complaint.

The question remains whether the cloak of district attorney insulates Jay L. Benedict, Jr., from any liability that might arise because of advice or direction given by him to Robert E. Harrison in counseling the bringing of a criminal prosecution against plaintiff.

In determining this question, we are limited to examining the law. We cannot consider the transcript of evidence taken before the justice of the peace or any other factual averments set forth in plaintiff's brief.

The Restatement of Torts, §656, sets forth this rule:

"A public prosecutor acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings."

The term "public prosecutor" includes a district attorney. To this rule the restatement adds note (b):

"The privilege stated in this Section is absolute. It protects the public prosecutor from liability even though he knows that he has no probable cause for the institution of the proceedings and initiates them for an altogether improper purpose."

This places a complete mantle around the actions of the district attorney. In the language of paragraph 4 of the present complaint, plaintiff asserts that defend-

ant Harrison made his prosecution "acting with the authority of and at the express direction and request of Jay L. Benedict, Jr." which would seem to remove any doubt that, as alleged, the prosecution here involved was "initiated" by other than the district attorney (acting through an agent, Robert E. Harrison).

In the Pennsylvania Annotations to the restatement, there is no case reported under §656, and no case has been cited by counsel. In 34 Am. Jur., Malicious Prosecution, §88, it is said:

"While the authorities are not entirely agreed upon the question as to the liability of a prosecuting attorney for malicious prosecution of a criminal action, the weight of authority is to the effect that he is not liable where the determination of the question whether or not to prosecute is within his official authority, even though he acts maliciously and without probable cause. . . . The immunity exists also, it has been held, where the attorney does not pass judicially upon an affidavit or complaint presented to him, but himself makes and swears to the complaint."

Cases from a number of jurisdictions are cited, as well as 34 A. L. R. 1504, 56 A. L. R. 1255 and 118 A. L. R. 1450.

We consider momentarily the question whether a person who is district attorney can possibly lend advice and direction to a citizen for the purpose of bringing about a criminal prosecution without doing so in his official capacity as district attorney. Could such conduct then result in piercing the cloak of immunity which the above rule affords the district attorney? We must resolve that question by deciding that where, as here, the advice of the district attorney has to do with instituting a criminal proceeding, such advice is ipso facto given in his capacity as public prosecutor and not otherwise.

In consequence of this view, we must sustain the demurrer as to Jay L. Benedict, Jr., and dismiss the complaint as to him.

In the suit against Robert E. Harrison, Harrison has also demurred. His argument is that the complaint does not state a cause of action against him inasmuch as implicit in the complaint are facts of which the court must take notice to the effect that what defendant Harrison did in initiating the prosecution he did at the request and direction of Jay L. Benedict, Jr., who was at the time district attorney and was also an attorney of law of this court.

The extent of the privilege acquired by defendant Harrison because of his consulting an attorney at law in the person of Benedict is circumscribed in a number of respects. Restatement of Torts, §666, says:

"(1) The advice of an attorney at law admitted to practice and practicing in the state in which the proceedings are brought, whom the client has no reason to believe to be interested, is conclusive of the existence of probable cause for initiating criminal proceedings in reliance upon the advice if it is

"(a) sought in good faith, and

"(b) given after a full disclosure of the facts within the accuser's knowledge and information."

See McClafferty v. Philp, 151 Pa. 86; Emerson v. Cochran, 111 Pa. 619.

In order for defendant Harrison to bring himself within the terms of this rule, it is necessary for him to answer the complaint on the merits and to offer at the trial proof bringing himself within the rule. Defendant Harrison argues that the cause of action against him as pleaded in the complaint is insufficient because it does not negative the matters set forth in the above rule under 1(a) and (b). In our reading, however, the rule places a duty on defendant to plead his defense in terms bringing him within the rule rather

than there being any duty for plaintiff's complaint to negative the qualifications. Accordingly, we must overrule the demurrer of defendant Harrison.

Both defendants assert that an additional shortcoming of the complaint is its failure to aver malice on the part of each defendant in the bringing of the prosecution. They contend that, in addition to averring as plaintiff has done that the prosecution was made without reasonable and probable cause, plaintiff must further aver that defendant acted with malice. Defendants cite: McClafferty v. Philip, 151 Pa. 86; Johnson v. Land Title Bank & Trust Co., 329 Pa. 241 (involves abuse of civil process) ; Altman v. Standard Refrigerator Company, Inc., 315 Pa. 465.

The Altman case involved a criminal prosecution. The court inter alia stated: (p. 477)

". . . The termination in plaintiff's favor of the criminal proceedings on which the action of malicious prosecution is based is only *one of three* essential elements of proof required of a plaintiff in such an action as this. The other two elements are malice and want of probable cause."

The Restatement of Torts at §653 in defining the cause of action, there termed "wrongful prosecution", does not make use of the term "malice." However, the topic is covered in other language, at subsection 1(a)(ii), where reference is made to a prosecution brought for a "purpose other than that of bringing an offender to justice." The subject is further dealt with at §668 of the restatement. Comment (*f*) under this section is headed "Hostility and Ill Will"; comment (*g*) "Private Advantage" and comment (*h*) "Advice of Counsel".

The latter comment goes on to say: "The fact that the proceedings were initiated under the advice of counsel is a factor to be considered by the jury in de-

termining whether the prosecutor's purpose in initiating them was proper. Where the alleged impropriety lies in the fact that the proceedings were inspired solely by a desire to injure the accused, the advice of counsel is obviously immaterial . . ."

There is further comment on this subject in the Altman case at page 476:

"The fact of the prosecutor's consulting counsel, and the obtaining and acting upon his advice, should be considered rather as tending to rebut malice, than as bearing upon the issue of probable cause . . . 'Strictly speaking, taking advice of counsel and acting thereon rebuts the inference of malice arising from the want of probable cause' " (citing cases).

This language is applicable both to the stage of pleading and of proof. In our view, malice or its equivalent is an essential element of the cause of action in Pennsylvania and must be pleaded by a flat averment. Under Pa. R. C. P. 1019 (*b*) it is sufficient to state the averment in general terms. The allusion to malice contained in the present complaint at paragraph 20 we do not consider to be a sufficient averment. Plaintiff presents an extended argument to show that defendant's sole purpose in bringing his criminal prosecution was to collect a civil debt. This is not, as we see it, relevant to the issues properly before the court on defendant's preliminary objections. It seems to us that evidence dealing with this contention could have its only relevance at the trial on the issue of malice or lack of probable cause.

At the same time, we venture the thought that, if an individual possesses the facts necessary for showing all the essential elements of a given criminal offense and makes a prosecution therefor, he cannot, regardless of what the outcome is, be held accountable for malicious prosecution even though his purpose was to collect a debt. On the other hand, if he lacked the

necessary elements or any of them and the prosecution failed, and there was a showing of malice or of the essential purpose being to collect a debt, a civil action for damages for malicious prosecution might well be made out. It seems to us that in the trial of the ordinary criminal case, where it is contended the prime purpose of the prosecutor is to collect a debt, the only relevancy of this assertion would be defendant's effort to show interest or bias on the part of the prosecuting witness and thus to cast doubt upon his veracity. We can hardly see how such an assertion could invalidate the prosecution itself, assuming that the essential legal elements forming the definition of the crime was present.

Plaintiff argues that the Restatement rule, in setting forth immunity of the public prosecutor from suit for malicious prosecution, is applicable only where the prosecution is actually initiated over the signature of the prosecutor but not in a case such as the present where the individual actually making the affidavit of a crime is a private person. Plaintiff cites Restatement, §653. We cannot follow this argument, because the law, as we see it, makes the public prosecutor absolutely privileged, whether he makes the prosecution before a justice of the peace himself or directs a citizen to do so. Comment (*h*) under §653 describes the circumstances in which the advice of an attorney does not absolutely exonerate either the private person or the attorney, if the proceedings are ill founded in the respects there discussed. This paragraph does not bear upon the extent of the privilege of the public prosecutor.

On the demurrer defendants argue further that there is not a sufficient averment in the complaint of a termination of the prosecution in favor of plaintiff, in the form necessary to ground an action of malicious prosecution.

The effect of a nolle prosequi is stated in American Jurisprudence, under "Malicious Prosecution." ". . . the entry of a nolle prosequi without the procurement or consent of the defendant is such a termination of a criminal proceeding as will support an action for malicious prosecution" (citing cases from some seven States) : 34 Am. Jur. 723 §35. See also §§62, 114.

In paragraph 14 of the complaint the averment is:

"That the defendant Jay L. Benedict, Jr., on May 4, 1960, petitioned the Court to nolle prosequi the proceedings and it was allowed by the Court. (The record of these proceedings is incorporated into this complaint by reference to the recordation of the same as set forth supra.)"

The court's order of nolle prosequi was made on a petition by the district attorney which was in the following language:

"Because of a defect in the information relating to the date of the alleged offense the Commonwealth asks that this matter be nol prossed. The prosecutor intends to start anew." Groda v. American Stores Company, 315 Pa. 484.

The complaint here was filed on May 5, 1960, one day after the nol. pros. was granted.

In the Restatement of Torts, §659, it is stated:

"Except as stated in §§660 and 661, criminal proceedings are terminated in favor of the accused by

"(a)  a discharge by a magistrate at a preliminary hearing, or

"(b)  the refusal of a grand jury to indict, or

"(c)  the formal abandonment of the proceedings by the public prosecutor, or

"(d)  the quashing of an indictment or information, or

"(e)  an acquittal, or

"(f)  a final order in favor of the accused by a trial or appellate court."

· Defendant's position in the argument is doubtless founded upon subsection (c) above.

The Restatement at §660 further says:

"A termination of criminal proceedings in favor of the accused other than by acquittal is not such a termination as is necessary to a cause of action under the rule stated in §653 if

"(a) it results from the withdrawal of the charge or the abandonment of the proceedings

"(i) pursuant to an agreement of compromise with the accused, or

"(ii) because of the suppression of evidence or other act done by the accused or on his behalf for the purpose of preventing his conviction, or

"(iii) out of mercy requested or accepted by the accused, or if

"(b) new proceedings for the same offense have been properly instituted and have not been terminated in favor of the accused."

Under the language of the Restatement sections, it seems to us a plaintiff would have alleged enough to state a cause of action if his averment is in conformity with §659(c). We think the language of plaintiff's paragraph 14 brings him within this language. It appears that if a defendant would desire to take advantage of the principle stated in Restatement, §660(b), he would have to plead on the merits and prove that "new proceedings for the same offense *have been* properly instituted", at the moment the nol. pros. was granted. (Italics supplied.)

We conclude that plaintiff's averment in paragraph 14 is sufficient, and that he is not required to go further and to negative in his complaint the fact that a new prosecution for the same offense had been instituted. Defendant's brief relies on Restatement, §660, comment (f), but we do not interpret this as altering anything that we have said above.

Becasue of the insufficient averment of malice as an element of the offense, we find it necesesary to sustain the demurrer of defendant Harrison.

Coming now to consideration of defendants' motion to strike, we view first the contention that the original complaint, because of a typographical error of date in the affidavit, should be stricken off. Plaintiff undertook to revise this defect by filing an additional affidavit on June 2, 1960. The new affidavit is not, however, in conformity with the language requirements of Pa. R. C. P. 1024 (a). Hence, we are obliged to strike off the complaint.

As an additional reason for striking off the complaint defendants contend plaintiff has violated Pa. R. C. P. 1019 (f) which says:

"Averments of time, place and items of special damage shall be specifically stated."

In plaintiff's paragraph 17, he says he is put to "Great expense by the employment of stenographers to take testimony, prepare motions and petitions, argument briefs, and so forth, and he has been put to great expense in travel and has consumed a great amount of valuable time in representing himself in connection with the unjust charge brought by the said defendant, Robert E. Harrison, at the insistence of the other defendant, Jay L. Benedict, Jr., against him."

At the conclusion, plaintiff demands judgment against defendants in the sum of $100,000. Lumping of special damages cannot be approved and furnishes a ground for striking off a complaint.

Defendants' third ground for striking off the complaint is based on Pa. R. C. P. 1044 (b), which requires that unliquidated damages shall be set forth as either in excess of, or not in excess of $5,000. This objection is well taken. Goodrich-Amram, Civil Practice, §1019 (f) 2.

Defendants' motion for a more specific pleading challenges an alleged lack of detail in the complaint

where at paragraph 16 it is alleged that defendants commenced the criminal prosecution against plaintiff without reasonable and probable cause. Defendants rely on Bentz v. Knecht, 26 Lehigh 267. We have read this case and though we agree with the principle that it is not enough at any time to plead legal conclusions without pleading the ultimate facts underlying them, it is difficult for us to visualize how one can plead a negative in more detail in the ordinary situation involving an absence of reasonable and probable cause. What plaintiff has asserted in this paragraph, he will, of course, have to prove: Restatement of Torts, §662 (comment f).

Now, August 18, 1960, the preliminary objection of defendant Jay L. Benedict, Jr., in the nature of demurrer is sustained and the complaint is dismissed as to him. As to defendant, Robert E. Harrison, the demurrer and motion to strike off are granted and plaintiff is granted 20 days from this date in which to file an amended complaint, failing which his suit is dismissed at his cost. Exception granted to plaintiff.