389 A.2d 1183

**Robert F. JENNINGS, Appellant,**

v.

**Arthur R. CRONIN.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1977.

Decided July 12, 1978.

400

G. Thomas Miller, Harrisburg, with him Harvey Freedenberg, Harrisburg, for appellant.

Frederic G. Antoun, Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing preliminary objections to a complaint.[1] The complaint is in libel; appellee is plaintiff, and appellant is defendant.

On August 24, 1976, appellant, who was Coroner of Wayne County, testified before a Select Committee of the Pennsylvania Senate, which was investigating deaths of patients at the Farview State Hospital in Wayne County. Before taking questions from the committee members, appellant had his counsel read a prepared statement in which appellant

1. This court granted permission for the appeal, which is interlocutory. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 501(b), 17 P.S. § 211.501(b) (Supp.1977).

mentioned appellee, who was a State Police officer assigned to the Criminal Investigation Division, and who had participated in a series of investigations in 1969 and 1970. The statement said:

What disturbs me most—and I feel this Committee should either fully investigate the same or turn it over to a special investigating grand jury, if established—is a cover-up of this entire Thomas and Farview matter by a member of the Pennsylvania State Police, Sergeant Arthur Cronin of Harrisburg.

\* \* \* \* \* \*

"I had the same experience with Sergeant Cronin while investigating the deaths and murders at the Hillcrest School, at which time Sergeant Cronin completely failed to investigate my findings and wrote the same type of conclusion report and covered up that probe.

\* \* \* \* \* \*

"As a result of the failure on the part of Sergeant Cronin and the Department of Welfare to notify the Coroner's Office six and a half years ago regarding two deaths, it must be pointed out that this time delay has obstructed and hindered the possible medical findings into these two alleged deaths.

Reproduced Record at 18a–19a, 20a, 21a.

Appellant argues that his preliminary objections to the complaint should have been sustained because he had an absolute privilege to make this statement, for two reasons: first, because the statement was made in the course of a legislative proceeding, with appellant under subpoena; and second, because a county coroner is a high public official. Because we find the first reason sufficient, we do not consider the second.

Whether a witness before a legislative committee is covered by an absolute privilege appears to be a question of first impression in Pennsylvania. It is not, however, a novel question.

The Restatement (Second) of Torts, § 590A (1976), provides:

A witness is absolutely privileged to publish defamatory matter as part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding.

Comment *a* to this section provides that the privilege "is similar in all respects to that of witnesses in judicial proceedings, as stated in § 588 [Witnesses in Judicial Proceedings]. The Comments to that Section are applicable here so far as they are pertinent."

Section 588 has been adopted in Pennsylvania in *Ginsburg v. Halpern,* 383 Pa. 178, 118 A.2d 201 (1955). It is this:

The function of witnesses is of fundamental importance in the administration of justice. The final judgment of the tribunal must be based upon the facts as shown by their testimony, and it is necessary therefore that a full disclosure not be hampered by fear of private suits for defamation. The compulsory attendance of all witnesses in judicial proceedings makes the protection thus accorded the more necessary. The witness is subject to the control of the trial judge in the exercise of the privilege. For abuse of it, he may be subject to criminal prosecution for perjury and to punishment for contempt.

Restatement (Torts), Second, § 588, comment *a.*

We recognize the competing interest in an individual's right to be free from attack by malicious words. *Sheppard v. Bryant,* 191 Mass. 591, 78 N.E. 394 (1906). Nevertheless, we find no reason to afford witnesses who testify in a legislative proceeding less protection than is afforded witnesses who testify in a judicial proceeding. Therefore, we adopt § 590A.[2] *See Logan's Super Markets, Inc. v. McCalla,* 208 Tenn. 68, 343 S.W.2d 892 (1961); *Kelly v. Daro,* 47 Cal.App.2d 418, 118 P.2d 37 (1941); Prosser, *Law of Torts,* § 114 at 781 (4th Ed. 1971).

**2.** Appellee argues that there is no evidence in the record that appellant was appearing under subpoena. We find this uncertainty irrelevant. The desirability of having witnesses feel free to volunteer testimony is self-evident; the possibility of compelling them to testify merely makes the safeguard of immunity "the more necessary." Restatement (Second), Torts, § 588, comment *a.*

■ This done, the question becomes whether appellant's statement had "some relation" to the Select Committee's investigation of deaths at Farview. In answering this question, the test to be applied is that stated in *Greenberg v. Aetna Insurance Company*, 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied*, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968), which deal with immunity of parties in a judicial proceeding. There the Supreme Court held:

> Where the question of the relevancy and pertinency of matters alleged in pleadings is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency.

427 Pa. at 516, 235 A.2d at 578.

■ Further, in judging relevancy, we must ignore the truth or falsity of appellant's statement despite appellee's detailed argument as to why he believes it was false; for if the statement was relevant, it was absolutely privileged, and a witness who is absolutely privileged is immune from financial liability even if his statement is a knowing and malicious falsehood. *Greenberg v. Aetna Insurance Co., supra; Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927 (1977).

■ Appellee argues that since appellant's testimony was as to events several years before the time of the Senate investigation, it could in no way be considered relevant, since the Committee was "to investigate Farview State Hospital in the Department of Public Welfare as to the methods of treatment and methods of restraint." Brief for Appellee at 2. Assuming that the committee was investigating only current conditions at Farview, still, information as to what had happened there over the past few years, and as to why other investigations had been unsuccessful, was relevant in assessing that current situation.[3] (To hold other-

---

**3.** Appellant's testimony elaborated upon the relevancy of the reference to the Hillcrest investigation. There had apparently been suspicious deaths at Hillcrest. According to appellant, several staff members from Hillcrest were employed at Farview at the time of the Senate investigation.

wise would be to deny the usefulness of the study of history.) Indeed, since a coroner by definition studies the causes of death, it could be anticipated that his testimony would be entirely as to past events; yet the senators called him to testify, subpoenaed his records, Reproduced Record at 16a, and, following his prepared testimony, questioned him closely on the substance of his statement, including follow-up questions based specifically on the allegedly libelous parts of the statement.[4] Under these circumstances we defer to the senators' own assessment of what was relevant to their investigation.

The lower court's dismissal of preliminary objections is reversed, and the complaint is dismissed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

4. The fact that appellant read his testimony before taking questions does not make it any less relevant, providing it pertains to the subject of the Committee's investigation. "[N]or does the fact that the testimony is offered voluntarily and not in response to a question prevent it from being privileged if it has some reference to the subject of the litigation." Restatement (Second), Torts, § 588, comment c.