## Heller v. Makoul

*Michael P. Shay,* for plaintiffs.
*Richard J. Orloski,* for defendant.

DAVISON, *J.,* March 14, 1985—The sole issue involved in this, defendant's second motion for summary judgment, is the degree to which an attorney's absolute privilege for defamatory communications

extends to communications preliminary to proposed litigation. We hold on the authority of Smith v. Griffiths, 327 Pa. Super. 418, 476 A.2d 22 (1984) and Post v. Mendel, No. 6957 (Pa. Superior Ct. December 12, 1984) January 10, 1984, LEXIS, States Library, Pa. File) that the privilege encompasses a letter written prior to the commencement of litigation and sent from claimant's counsel to the responsible party's insurance adjustor.

The pertinent facts are summarized in the opinion accompanying our order entered November 7, 1983:

"The plaintiff, Adam Heller, resident manager of the Allentown branch of Toensmeier Adjustment Service, Inc. (Toensmeier) an independent claims adjustment agency, was retained to investigate a claim made by Ernest MacDonald against his landlords, John and Freda Mudrick, for personal injuries allegedly sustained in an incident in the MacDonald apartment. The Mudricks' insurer, Home Mutual Insurance Company of Pennsylvania (Home Mutual) engaged Toensmeier in connection with MacDonald's claim."

In a letter dated July 9, 1980, Richard J. Makoul, Esq., MacDonald's attorney and the defendant here, notified Home Mutual of the nature of the claim and his client's resultant injuries and also stated:

"I am aware that this case is assigned to Toensmeier Adjustment Service, Inc., represented by Adam W. Heller, Claim Representative.

As a result of past professional experience with Heller, and based on his reputation in the legal community, it is my opinion that he is either incapable of or unwilling to engage in good faith negotiations, no matter how legitimate the claim. It is generally believed that his sole interest is to exploit the carrier

for as much of a fee as he can extract, with little interest in negotiating a fair settlement.

I have neither the time nor the inclination to engage in what I know will be pointless settlement discussions with Heller, while he runs up the meter. Unless this case is assigned to another adjustor the matter will proceed without any further notice to litigation."

Both Home Mutual's claims manager, Robert R. Witwer, and Toensmeier's president, John M. Lang, were sent copies of Makoul's letter. In responding to Makoul, Witwer and Lang defended Heller's integrity and ability as an adjustor and refused to assign the matter to another adjustor. MacDonald subsequently filed suit against his landlords.* Heller and his wife later instituted the within defamation action against Makoul, who joined Toensmeier and Home Mutual as additional defendants.

Without the benefit of the comprehensive opinion of the Honorable Donald E. Wieand in Smith v. Griffiths, supra, we previously withheld ruling as a matter of law the application of the privilege to these facts and denied summary judgment. Defendant's appeal therefrom was denied as interlocutory. We now have before us defendant's second motion for summary judgment.

In this matter, we are guided by a number of well established principles. It is the function of the trial court to initially determine whether the communication complained of is capable of defamatory meaning. Rutt v. Bethlehems' Globe Publishing Co., 335 Pa. Super. 163, 484 A.2d 72, 76 (1984),

---

* MacDonald ultimately recovered a jury verdict in excess of $14,000. He was represented at trial by Richard J. Orloski, Esq., who now represents Makoul in the case at bar.

Rybas v. Wapner, 311 Pa. Super. 50, 54, 457 A.2d 108, 110 (1983); Braig v. Field Communications, 310 Pa. Super. 569, 574 N. 2, 456 A.2d 1366, 1369 N. 2 (1983). If the court determines that the communication is capable of a defamatory meaning, and there is no dispute as to the circumstances under which it was made, then whether a privilege exists is a question of law for the court. Smith v. Griffiths, supra; Williams v. Kroger Grocery & Baking Co., 133 Pa. Super. 1, 1 A.2d 495 (1938), aff'd, 337 Pa. 17, 10 A.2d 8 (1940); Dempsky v. Double, 386 Pa. 542, 126 A.2d 915 (1956). Accord Althoff v. Baldwin, 59 Erie 170 (1976) (whether a communication is privileged is a matter of law, which can be resolved on a motion for summary judgment).

· The Restatement (Second) of Torts, §586, adopted by our courts, defines the extent of the lawyer's privilege in the following manner:

"An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding."

In explicating the privilege, 53 C.J.S., Libel and Slander, §104(7) (Communications by Counsel), observes:

"[T]he general rule is that whatever is published by counsel in a legal proceeding, material, pertinent, or relevant to the matter in controversy is absolutely privileged and no action can be maintained on it, even though false and actuated by improper motives, or vituperative and exaggerated. . . .

• • •

. . . it is not absolutely essential, in order to obtain the benefits of the privilege, that the language be

spoken in open court or contained in a pleading, brief, or affidavit; and the privilege has been held to extend to a letter written by counsel to an opposing party relating to discontinuance and release of the cause of action, even though such letter was written spontaneously, and not in response to any communication received." (Footnotes omitted.)

In Pennsylvania, the extent of absolute privilege afforded an attorney's written communication outside the courtroom seemingly applies "only when the defamatory words are relevant and pertinent" to the proposed litigation. Post v. Mendel, supra; Smith v. Griffiths, supra. See also Kemper v. Fort, 219 Pa. 85, 67 Atl. 991 (1907). In determining relevancy, it is not our province to question the truth of the writing complained of; since if the communication was relevant then it was absolutely privileged, and it follows that the privileged party is immune from financial liability even if his statement is a knowing and malicious falsehood. Post v. Mendel, supra; Jennings v. Cronin, 256 Pa. Super. 398, 389 A.2d 1183 (1978). Accord Smith v. Griffith, supra.

The purpose and rationale of the privilege is to allow counsel as a matter of public policy in representing his client's interests to the fullest extent, to speak frankly and argue freely without danger or concern that he may be required to defend his statements in a later defamation action. Where there is doubt as to the relevancy and pertinency of the communication, such doubt must be resolved in favor of relevancy and pertinency. Post v. Mendel, supra; Smith v. Griffiths, supra; Greenberg v. Aetna Insurance Co., 427 Pa. 511, 235 A.2d 576 (1967); Nagle v. Nagle, 316 Pa. 507, 175 Atl. 487 (1934); Jennings v. Cronin, 256 Pa. Super. 398, 389 A.2d 1183 (1978).

Plaintiff in this case argues that the letter does not relate to defendant's representation of his client's claim or advance the client's best interests in the principal case but rather relates to plaintiff's business and professional reputation. However, it is the occasion itself which must be considered in determining whether a privilege exists. Here, although we do not condone the words used nor the manner in which the attorney chose to express his dissatisfaction with an insurance adjustor, it is uncontroverted that this letter, written on behalf of a client, was an effort to negotiate a favorable settlement of the client's claim before proceeding to litigation. As such, we hold that it is protected by the privilege. See Smith v. Griffiths, supra (the privilege must be broad enough to include preliminary demands).

Further, since the statements made in the letter — had they been made in open court — would have been pertinent to why the case had proceeded to litigation, it follows that the letter is privileged. Post v. Mendel, supra. Accordingly, since both Witwer and Lang had a common interest in whether this case was settled or proceeded to litigation, the privilege was not lost by the defendant-attorney sending a copy to them. See Post v. Mendel, supra.

While we reiterate our disapproval of the letter giving rise to this litigation, we are obliged to grant the defendant-attorney the relief requested in order to achieve the purpose of the privilege, namely, to enable counsel in the pursuit of justice to advocate his client's interests to the fullest extent.

## ORDER

Now, March 14, 1985, for the reasons appearing in the accompanying opinion, it is ordered that de-

fendant's second motion for summary judgment is hereby granted and judgment is entered in favor of defendant and against plaintiffs.