635 A.2d 1098

Fitch B. JEFFERIES, Jr., Appellant,

v.

E.J. CALLAGHAN & CO.

Superior Court of Pennsylvania.

Argued Sept. 28, 1993.

Filed Jan. 12, 1994.

Fitch B. Jefferies, Jr., appellant, pro se.

James C. Dalton, Doylestown, for appellee.

Before ROWLEY, President Judge, and OLSZEWSKI and BECK, JJ.

PER CURIAM:

Order affirmed.

OLSZEWSKI, J., filed a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I must respectfully dissent from my learned colleagues' decision. I do not find the pleadings sufficient to determine that E.J. Callaghan & Co. had probable cause to bring its original suit. Callaghan voluntarily discontinued its suit with prejudice sometime after the issuance of a rule to show cause why Callaghan should not be compelled to provide more specific answers to Jefferies' interrogatories. This voluntary dismissal is *prima facie* evidence of a want of probable cause. *See Emerson v. Cochran*, 111 Pa. 619, 622, 4 A. 498, 499 (1886). Having such a presumption requires one who brings a suit and then discontinues it to affirmatively establish that he had probable cause to initiate the action. While this presumption can easily be rebutted, the pleadings in this case do not accomplish that. Callaghan's reason for discontinuing the suit

is a disputed issue and the pleadings do not establish probable cause on their own.

Jefferies' admissions to the allegations in Callaghan's complaint do not establish probable cause to bring the defamation suit because Jefferies averred that his statements were true. Furthermore, falsity is an element of defamation. The Pennsylvania Supreme Court wrote in *Hepps v. Philadelphia Newspapers, Inc.*: "[A]lthough *falsity is an element of the cause of action,* we have concluded that the burden should be placed upon the alleged defamer to establish the truth of these accusations...." *Hepps v. Philadelphia Newspapers, Inc.,* 506 Pa. 304, 312, 485 A.2d 374, 379 n. 2 (1984) (emphasis added), *rev'd,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986) (burden of proof is on plaintiff to prove falsity in defamation cases with media defendants);[1] *see also Berg v. Consolidated Freightways, Inc.,* 280 Pa.Super. 495, 499, 421 A.2d 831, 833 (1980) ("An action for defamation is based on a violation of the fundamental right of an individual to enjoy a reputation unimpaired by *false and defamatory* attacks.") (emphasis added). Thus, falsity is an element of defamation.

In malicious prosecution cases, the legislature has defined probable cause for bringing the original suit:

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the

---

1. The United States Supreme Court in *Hepps,* in a 5–4 decision, held that a media defendant no longer has the burden of proving truth; plaintiff has the burden of proving falsity. *Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986), *rev'g,* 506 Pa. 304, 485 A.2d 374 (1984). The Court limited its holding to media defendants, declining to decide what standards would apply in a case with a non-media defendant. Justice Brennan, however, filed a concurring opinion in which Justice Blackmun joined noting that the First Amendment does not allow a distinction between media and non-media defendants. *Hepps, supra,* 475 U.S. at 780, 106 S.Ct. at 1566, 89 L.Ed.2d at 795 (Brennan, J., concurring). Thus, it appears that non-media defendants still bear the burden of proving truth. *See, e.g., Pelagatti v. Cohen,* 370 Pa.Super. 422, 536 A.2d 1337 (1987) (truth is an absolute defense), *alloc. denied,* 519 Pa. 667, 548 A.2d 256 (1988). Regardless of who bears the burden of proof, the Pennsylvania Supreme Court has classified falsity as an element of the cause of action. *Hepps,* 506 Pa. at 312, 485 A.2d at 379 n. 2.

existence of the facts upon which the claim is based, and either:

(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S.A. § 8352. If the statements were true and Callaghan knew the statements were true then it could not reasonably believe the claim was valid. Likewise, if the statements were true and Callaghan knew this, then Callaghan would have to have disclosed this fact to counsel in order to have the protection of reliance on counsel. Callaghan was, at least presumptively, in as good a position as Jefferies to know whether Jefferies' statements were true. I cannot determine on the pleadings whether the statements were true and whether Callaghan knew the statements were true. Therefore, at this juncture I cannot determine whether Callaghan had probable cause to bring the defamation action, and judgment on the pleadings was improper. I also disagree with the trial court finding probable cause because "[i]n light of the numerous written and oral statements made by Jefferies to countless individuals, it would be reasonable to believe that at least one of the statements gave rise to a valid claim." Trial court opinion at 6. It is not reasonable to believe one has a valid claim merely because of the number of comments made. One must also believe that the law will allow recovery based on all of the facts in one's knowledge.

I also do not find that the pleadings establish probable cause for Callaghan's interference with contract and prospective contract claims. While these torts are separate from defamation, they are closely related. *See Evans v. Philadelphia Newspapers, Inc.*, 411 Pa.Super. 244, 601 A.2d 330 (1991).

In order to establish intentional interference with contractual relations " 'the actor must act (1) for the purpose of causing this specific type of harm to the plaintiff, (2) such act must be *unprivileged*, and (3) the harm must actually result.' " *Collincini v. Honeywell, Inc.*, 411 Pa.Super. 166, 601 A.2d 292 (1991) (quoting *Birl v. Philadelphia Electric Company*, 402 Pa. 297, 300, 167 A.2d 472, 474 (1960)) (emphasis added), *alloc. denied*, 530 Pa. 651, 608 A.2d 27, *cert. denied*, —— U.S. ——, 113 S.Ct. 199, 121 L.Ed.2d 141 (1992). While caselaw has not thoroughly developed what constitutes justification, I feel confident in saying that the judicial and legislative privileges of defamation would constitute privilege in this context as well.

All but one of the admitted paragraphs of Callaghan's complaint which the trial court, and thus the majority, relies on concern communications to the attorney general's office and statements at a township board meeting. If the statements made had some relation to the proceedings then Jefferies was absolutely privileged to make them. *See Jennings v. Cronin*, 256 Pa.Super. 398, 389 A.2d 1183 (1978). The pleadings do not assert the board meeting's purpose. One who knows a speaker was privileged to speak cannot reasonably believe he has a valid claim. Thus, I would not allow these paragraphs to overcome the presumption of a lack of probable cause.

Paragraph 7 is the only remaining admitted paragraph. Jefferies admitted to making statements in public on or about May 25, 1988, regarding code violations in Callaghan houses and specific problems that he had with Callaghan, and that these statements were quoted in the Allentown Free Press. This paragraph does not give enough information to determine whether or not Jefferies was privileged to speak. I do not find that this admission alone overcomes the presumption and establishes probable cause to bring an intentional interference with contractual relations suit. Thus, judgment on the pleadings was also improper with regard to the interference with contractual relations claims. If, after hearing evidence at trial, the judge determines that Callaghan had probable cause, then he may direct a verdict in favor of Callaghan. On the

other hand, the judge may determine that this case is one where the existence of probable cause is a mixed question of law and fact and will have to submit the issue to the jury with proper instructions. *See Wainauskis v. Howard Johnson Co.,* 339 Pa.Super. 266, 488 A.2d 1117 (1985).

For the foregoing reasons, I would reverse the judgment on the pleadings.